### DAVIS et al. v. BATTLES.

#### No. 13571.

Court of Civil Appeals of Texas. Dallas. Nov. 24, 1944.

Rehearing Denied Jan. 5, 1945.

178

Cunningham, Lipscomb & Cole, of Bonham, for appellants.

Herbert Marshall and Marion B. Solomon, both of Dallas, for appellee.

LOONEY, Justice.

Appellee, as Receiver of Casualty Underwriters and Underwriters Agency, sued appellants to recover the sum of $933.74 and interest based on the following alleged cause of action: That is, appellee alleged that the insurers named above issued to M.

G. Davis a policy of insurance on certain gin properties; that later insurers were placed in the hands of appellee (receiver), who brought action against all the policy holders for an assessment due under the terms of the insuring contracts, and recovered judgment against Davis and other policy holders for an assessment of 60% of the premiums on each of policies; the amount adjudged against M. G. Davis being as above stated. Afterwards this suit was instituted against appellants to recover said amount, based upon the allegation that they were partners with M. G. Davis in the operation of the gin business conducted in the name of M. G. Davis; that, as such partner, he executed an application in writing for the issuance of the insurance policy involved, and therein agreed that any amount accruing thereunder should be paid in Dallas County where the suit was instituted. It is conceded that a cause of action was alleged.

The appellants each filed a sworn plea of privilege in full compliance with Texas Civil Procedure, rule 86; each alleged his residence to be in a county other than Dallas County where the suit was instituted, specially denied under oath the existence of the alleged partnership and the execution by himself or by his authority of the written instrument allegedly executed by M. G. Davis promising payment in Dallas County, and prayed for an order transferring the cause as to each to the county court of the county of his residence. In due time and manner appellee controverted these pleas of privilege, adopting in his controverting affidavit the allegations of his petition wherein the partnership was alleged, and a cause of action stated against each of the appellants upon a written contract, executed as above stated by M. G. Davis, promising performance in Dallas County.

At the hearing, appellee offered no proof in support of his contest other than a written request, duly executed and served as provided by Civil Procedure Rule 169, requesting appellants and each for the admission of the truth of the allegations as to the existence of the partnership and the execution of the instrument upon which venue was claimed. Also offered proof showing that neither of the appellants delivered or caused to be delivered to appellee a sworn statement either denying specifically the matters of which admissions were requested, or setting forth reasons why the same could not truthfully either

be admitted or denied. Appellants offered no evidence, relying upon the legal effect of their sworn pleas of privilege as above described, and the failure of appellee to overcome the prima facie case made, contending that in view of this status the court should sustain the pleas of privilege and transfer the case as to each appellant to the county court of the county of his residence. After due consideration, the court overruled the pleas of privilege; appellants each excepted, gave notice of, and perfected this appeal; the case is before us on an agreed statement.

The only question presented for our decision is whether rule 169 of our Civil Procedure is applicable and may be invoked on the trial of a contest of a plea of privilege. Rule 169 provides that a party may, by request in writing, require the other to admit the truth of any relevant matter of fact in issue, and the matters of which admission is requested shall be deemed admitted, unless within the period and under the circumstances named in the rule, the party to whom the request is directed shall deliver or cause to be delivered to his opponent a sworn statement either denying specifically the matters of which admission is requested, or setting forth in detail reasons why he cannot truthfully either admit or deny the matter.

■ Rule 169 was a stranger to our Civil Procedure until introduced in the new code of rules recently adopted. It was derived from and is fashioned after Federal procedural rule 36, its obvious purpose being to simplify the trial by eliminating matters not really in controversy, and has the effect of shifting to the opposition the burden of denying under oath, or admitting, or explaining inability to either deny or admit the requested matter.

■ Rule 169 must find its place among, and in our opinion be harmonious with other rules germane to the same subject, as it is not to be thought the rule-making body intended that it should operate other than in harmony with other rules on the same subject, or would create a conflict. So, in view of the obvious purpose of the rule and its effect upon pending litigation when invoked, we do not think it was intended to be applicable to, or that it may be invoked on the trial of a contested plea of privilege. Rule 86 of our Civil Procedure, regulating the issues to be formed on a contested plea of privilege, had been the

law of this state many years prior to adoption of the new rules, and had attained a very definite meaning. It prescribes what a plea of privilege shall state, that it shall be sworn to, and that "Such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue * * *"; thus it is apparent that a sworn plea of privilege is not simply a pleading that tenders certain issues, but is endued with probative value to a degree that, unless successfully controverted, entitles the defendant to have the venue changed.

■ It is also obvious that, if rule 169 may be invoked in the situation just mentioned, the result would be to change the burden placed by rule 86 upon the plaintiff to allege and prove venue facts, and shift same to the defendant to either deny again under oath, admit, or explain his inability to either deny or admit the requested matter; thus, in our opinion, producing a conflict with rule 86; also needless duplication of pleading. As the appellants had denied under oath the existence of the venue facts, we think it should be assumed that they would adhere to their former oaths, but if in the situation just mentioned, rule 169 may be invoked, the legal effect given sworn pleas of privilege by rule 86 would be nullified. Therefore, we do not think it was intended by our rule-making body that rule 169 should have any application on the trial of a contest to a sworn plea of privilege.

■ The question for our decision is of first impression in this state, as we have been cited to no case in point; in the absence of which our attention has been called to an answer by a subcommittee, on the interpretation of rules of the State Bar, to this question: "Are requests for admissions under rule 169 applicable to a hearing on a plea of privilege and controverting affidavit?" The committee simply answered "Yes," seemingly without an investigation; but as the opinion is that of good lawyers, is entitled to respect; yet expressed under the circumstances, is of no more weight than the offhand opinion of any other good lawyer who, without previous investigation, expresses an opinion.

Two cases have been called to our attention from courts where the rule was invoked on final trial—Masten v. Masten, Tex.Civ.App., 165 S.W.2d 225, and Frierson v. Modern, etc. Ins. Co., Tex.Civ.App., 172 S.W.2d 389. The question involved in

the instant case was neither present nor discussed in either of those cases; hence not in point. Our attention has also been called to a case from the Federal District Court for the Western District of Kentucky—that of In re Independent Distillers of Kentucky, D.C., 34 F.Supp. 724. It seems that under Federal Rule 36, Civil Procedure, 28 U.S.C.A. following section 723c, the progenitor of our rule 169, litigants involved in the case were served with written request to admit the genuineness of the minutes of the corporation whose affairs were involved. No answer was made to the request because previously, during the course of the proceedings, the parties upon whom the request was made had denied under oath the genuineness of these minutes. The District Court held that the rule required an answer, after service of the request, regardless of what had previously been done. However, it does not appear whether the previous oath denying the genuineness of the minutes of the corporation, was voluntarily made or in compliance with a rule of procedure; or whether the sworn denial of the genuineness of the minutes of the corporation was invested with any probative value, as in the case of a sworn plea of privilege under our rule of Civil Procedure 86; or whether the sworn denial was made necessary in order to put in issue the genuineness of the corporation minutes as under our Civil Procedure rule 93. In the absence of any light on these subjects, the value of the decision as an authority cannot be determined; hence not in point.

In harmony with the above views, the judgment of the trial court overruling appellants' pleas of privilege is set aside, the pleas are sustained, and venue as to Cecil Davis is changed to the county court of Fannin County; as to Porter Davis and C. S. Davis to the county court of Grayson County; and as to Wm. Davis and E. R. Legg to the county court of Lubbock County; the case is remanded to the trial court with directions to the clerk to transfer the separable causes, as directed in Civil Procedure rule 89, by forwarding the original papers and certified copies of all orders to the county court of Fannin County, and shall make certified copies of said papers and orders and forward one set to the clerk of the county court of each of the other two counties mentioned.

Reversed and remanded with instructions.