CECIL DAVIS ET AL V. TRAVIS J. BATTLES, RECEIVER.

No. A-468. Decided March 7, 1945.
(186 S. W., 2d Series, 60.)

*Cunningham, Lipscomb & Cole,* and *R. T. Lipscomb,* all of Bonham, for appellants.

*Herbert Marshall* and *Marion B. Solomon,* all of Dallas, for appellee.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion of the Court.

Rule 86 prescribes the form of a plea of privilege to be filed in order to raise the question of the right of the defendant to be sued in the county of his residence and the form of the contest to be filed by the plaintiff, and further provides that "such plea of privilege when filed shall be prima facie proof of the defendant's right to change of venue."

Rule 169 provides that at any time after the defendant has made appearance in the case, or time therefor has elapsed, a party may, by request in writing, require the other to admit the truth of any relevant matter of fact in issue, and the matters of which admission is requested shall be deemed admitted, unless within the period and under the circumstances named in the rule, the party to whom the request is directed shall deliver or cause to be delivered to his opponent a sworn statement

either denying specifically the matters of which admission is requested, or setting forth in detail reasons why he cannot truthfully either admit or deny the matter.

In the above cause plaintiff sued the defendants and alleged the existence of a partnership, and sought recovery on a written contract executed by the defendants and performable in the county where the suit was filed. Defendants filed a plea to the venue, and under oath specifically denied the existence of the partnership and the execution of the written contract. Plaintiff filed a controverting affidavit, in form, alleging the existence of the partnership and the execution of the written contract. Plaintiff then invoked the provisions of Rule 169, and called upon the defendants to admit or deny the existence of the partnership as well as other facts showing the execution of the written contract.

The Court of Civil Appeals at Dallas has certified to this Court the question as to whether or not the provisions of Rule 169 are applicable and may be invoked upon the trial of a contested plea of privilege under the circumstances above indicated.

The Court of Civil Appeals seems to have been of the opinion that there was a conflict between the provisions of Rule 86 and Rule 169. In our opinion there is no such conflict. The two rules operate in different fields. Rule 86 prescribes the method to be followed in joining issues under the pleadings on a question of venue; while Rule 169 prescribes one of the methods to be followed in obtaining the proof on the issues so joined. Rule 86 makes the plea of privilege, when properly filed, prima facie proof of defendant's right to change of venue, and Rule 169 prescribes one of the methods to be followed in obtaining evidence to overcome the prima facie case thus made by the filing of the plea of privilege.

A defendant who files a plea of privilege to the venue enteres his appearance in the case within the meaning of Rule 169, subject to the plea of privilege. Rule 121; Spivey v. Saner-Ragley Lbr. Co. (Com. App.), 284 S. W. 210; Ruby v. Martin, 44 S. W. (2d) 824; Texas Employers' Ins. Assn. v. Evans (Civ. App.), 2 S. W. (2d) 566; Santa Fe L. E. & P. Land & Trust Co. v. Cumley (Civ. App.), 132 S. W. 889 (writ refused) ; York v. State, 73 Texas 651, 11 S. W. 869; 4 Tex. Jur., p. 631, sec. 14. And he thereby enters his appearance for the trial of the venue question. When issue has been joined on the question of venue, either party may invoke the provisions of Rule 169.

The defendant does not waive his plea to the venue by making a request for admission under Rule 169, nor by answering such a request. See in this connection Rule 88.

We hold that the provisions of Rule 169 are available to either party in a case involving a question of venue the same as in any other case.

Opinion delivered March 7, 1945.