**B. P. DUNLAP et al., Appellants,**

v.

**Charles S. CHASE, Appellee.**

**No. 3751.**

Court of Civil Appeals of Texas.

Waco.

May 19, 1960.

George T. Thomas, Big Spring, for appellants.

Fred W. Moore, Houston, for appellee.

WILSON, Justice.

Appeal from order overruling defendants' pleas of privilege. The sole basis for the order under Rule 170, Texas Rules of Civil Procedure was that defendants had failed to comply with a discovery order made under Rule 167 for production of records and documents. The evidence adduced on the venue hearing related to this matter only.

After plaintiff's controverting plea was filed, but before it was served, plaintiff moved for and obtained an order, after notice, requiring defendants to produce records and documents under Rule 167. Defendants failed to appear or produce these as the order required. Plaintiff's motion for judgment overruling the pleas of privilege for failure to comply with the discovery order, under Rule 170, was sustained.

Appellants in their brief state they "admit that if the motion for discovery had been made, hearing had thereon and the order of discovery entered after these defendants had been served with plaintiff's controverting affidavit, that the trial court would have power and authority to have granted such motion", but they contend prior service of the controverting plea was indispensable to such jurisdiction. We accept this admission only as defining the scope of appellants' point that the court

erred in overruling the pleas of privilege for failure to comply with the discovery order. Appellants say that until a controverting plea was filed, their prima facie right to transfer deprived the court of power to order discovery under Rule 167.

We overrule the contention. Rule 167 authorizes "the court in which an action is pending" to order production upon motion and notice. Here the discovery order was that of the very court in which the "action is pending." We think the court had power to enter the discovery order notwithstanding the controverting plea had not then been served. Davis v. Battles, 143 Tex. 378, 186 S.W.2d 60; McKinney v. Croan, 144 Tex. 9, 188 S.W.2d 144; Texas-Louisiana Power Co. v. Wells, 121 Tex. 397, 48 S.W.2d 978, 981; Pacific Mid-Continent Corp. v. Tunstill, Tex.Civ.App., 159 S.W.2d 908, 911, no writ hist., and cases there cited. The record does not enable us to say the court abused its discretion in overruling the pleas.

Affirmed.