**LIVINGSTON GRAIN & GROCERY COM-PANY and Charles Wilson Hollis, Appellants,**

v.

**Lula Mae SAMFORD et al., Appellees.**

No. 6675.

Court of Civil Appeals of Texas.

Beaumont.

Jan. 9, 1964.

Rehearing Denied March 4, 1964.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, for appellants.

McDaniel, Hunt & Fairchild, Center, for appellees.

McNEILL, Justice.

A venue proceeding. Appellants, defendants below, were sued for damages as result of personal injuries alleged to have been caused by their negligence in operation of a truck-trailer involved in an intersectional collision in the town of Tenaha. One action was begun by appellee Lula Mae Samford and the other by Arlie Brittain, et vir. The parties will be referred to as they were in the trial court.

Defendants filed pleas of privilege to be sued in Polk County. Plaintiffs controverted these pleas invoking subdivision 9a of Art. 1995, Vernon's Ann.Tex.St. The petitions alleged that defendant Hollis, operator of the truck for the other defendant, failed to keep proper lookout as he approached and entered the intersection; that he failed to have the truck under proper control; and that an overhead red blinking light in the middle of the intersection faced the direction from which the truck was traveling and the operator failed to stop, as the law required, before he

entered the intersection; and that each of said acts of negligence was a proximate cause of the collision.

■ Upon agreement of the parties the court heard both pleas at the same time. As result of the hearing the pleas of privilege were overruled. Defendants ask that this action be reversed because plaintiffs failed to show defendants were guilty of negligence proximately causing the collision. Plaintiffs counter asserting defendants waived their pleas by (1) moving to quash certain requests for admission; and (2) by moving the court to consolidate the two suits. Defendants also say that the evidence justified the court's decision. Plaintiffs under Rule 169, Texas Rules of Civil Procedure made request upon defendants for certain admissions of fact after the pleas of privilege were filed. Defendants promptly answered these requests. After this plaintiffs served second sets of requests for admission. In reply, and before the hearing on the pleas of privilege, defendants moved to quash these second requests and on the day the pleas were heard, but prior to its order overruling the pleas, the court sustained this motion. At any time after defendant files plea of privilege either party may, without waiving his plea of privilege, request admissions from the other. Davis v. Battles, 143 Tex. 378, 186 S.W.2d 60. This being so, it should follow that the trial court may make such incidental orders in connection therewith as to preserve and protect the rights of the parties and to see that Rule 169 serves the ends of justice. Prevailing upon the court to quash the second requests was not a waiver of defendants' pleas of privilege.

Did the consolidation of the two cases, as was done, have the effect of waiving defendants' pleas? The record on this question is not clear and therefore we hesitate to pass upon it. And since it is thought that the trial court's action in overruling the pleas upon the evidence

describing the collision was correct, the second question of waiver is not decided.

■ The accident happened about 12:15 A.M., January 30, 1963, at a time when it was foggy and drizzling rain. The truck was traveling west on State Highway 84, and the other vehicle, a 1962 Falcon station wagon, owned and driven by a Mrs. Vaughn, was traveling south on State Highway 59. These highways cross each other at right angles in Tenaha.

Hollis, the truck driver, testified the trailer of his tractor-trailer was 30 ft. long and had two lights on either side. He had left Livingston, Texas, about 10:30 A.M., January 29th and driven to Stephens, Ark., where his truck-trailer was loaded with 35,000 lbs. of shingles. Having been in Stephens 1½ hours he started on his return trip to Livingston. When he reached Tenaha and was approaching the intersection involved he was traveling downgrade, so he reduced the speed of his truck from about 30 miles to 10 to 15 miles per hr. Just before his truck entered the intersection he said he looked to his right along Highway 59 and seeing no vehicle, proceeded across the intersection and as he did so the rear section of his trailer was struck by the front end of the Vaughn station wagon. The collision was in the northwest quadrant of the intersection.

Mrs. Brittain, a plaintiff, testified that on the occasion involved, she, Mrs. Samford and Mrs. Vaughn were returning from a trip to Carthage; the three were riding in the front seat of the station wagon; Mrs. Vaughn was driving, Mrs. Samford in the middle and Mrs. Brittain was on the right. Mrs. Brittain said the station wagon was going about 20 miles per hour as they approached and entered the intersection. Nothing was said during this time and she did not see the truck until the front of their car was some 10 feet from the truck when she noticed the yellow lights on the right side of the trailer. She stated headlights could not be seen for a distance of over 10 ft. Again she said she could

see headlights down the road "a pretty good piece" but not as much as 150 ft. She could not say when Mrs. Vaughn may have seen the truck but she thought the car turned slightly right just as it struck the truck. Mrs. Vaughn died as result of the accident and Mrs. Samford said she could not remember a thing about the latter part of the trip.

Hollis, the truck driver, said he did not come to a stop at the entry to the intersection. We quote this testimony:

"Q. Now did you bring your truck to a complete stop?

"A. No, sir, I sure didn't. I brought it to a momentary stop.

"Q. Well what you mean, you just nearly stopped?

"A. I—in other words, I hit my brakes and then released them several times and then when I got into that intersection I hit my brakes and momentarily stopped and then proceeded on through the intersection.

"Q. But you didn't stop completely still?

"A. Not for no length of time, no, sir.

"Q. Well, did you completely stop or not?

"A. I did not completely stop.

"Q. Your forward motion was never stopped, is that right?

"A. No, sir.

"Q. All right. Now how fast were you going when you started in the intersection?

"A. About 10 to 15 miles an hour.

"Q. Were you gaining speed then as you started on across the intersection?

"A. Yes, sir, I was gaining speed."

This evidence justifies the conclusion that the truck did not go slower than 10 M.P.H.

as it approached and entered the intersection. It gained speed as it proceeded on through. The trial court could have well concluded that if it had been stopped as required by law, the time used in doing so would have been enough for the intersecting vehicle to have passed safely on. Lynch v. Ricketts, 158 Tex. 487, 314 S.W. 2d 273. This is sufficient to support the court's action.

The order of the court overruling the pleas of privilege is affirmed.