Larry BLACKMON, Appellant,

v.

Kenneth E. ESMOND, d/b/a Kenneth E. Esmond and Associates, Appellee.

No. 5689.

Court of Civil Appeals of Texas.

El Paso.

Jan. 13, 1965.

Rehearing Denied Feb. 17, 1965.

Christopher & Bailey, and Sheridan E. Taylor, Fort Worth, for appellant.

Deaderick, McMahon & McKim, and Robert B. Cox, Odessa, for appellee.

PRESLAR, Justice.

This is an appeal from an order of the 161st District Court of Ector County overruling the plea of privilege of the defendant, Larry Blackmon, who is appellant here. The parties will be referred to as they were in the trial court. Plaintiff sued the defendant on an account in which he alleged that the defendant was a resident of Tarrant County. Service was had on defendant in Tarrant County at the specified address listed in plaintiff's petition. Defendant first filed a plea of privilege in which he alleged that he was a resident of Parker County or, in the alternative, if he be mistaken, then his residence was Tarrant County; but this was later amended to set out Parker County, solely, as his residence. Plaintiff, in his controverting plea, repeated his claim that the defendant was a resident of Tarrant County, and in such plea plaintiff alleged no exception to the general venue statute, or any facts which would confer venue on the Ector County court. Thus the parties went to trial in Ector County with the defendant claiming residence in Parker County and the plaintiff maintaining that the defendant was a resident of Tarrant County.

At the hearing, the only evidence offered was on the issue as to whether defendant was a resident of Parker or Tarrant County. The order overruling the plea does not state any findings or conclusions, so the presumption of the parties (and ours) is that the court followed plaintiff's theory of the case. That was, and is, that plaintiff is not required to plead and prove any particular exception to the general venue rule, but could defeat the plea of privilege by proving that the actual residence of the defendant was in a county other than the one claimed by him in his plea of privilege. Plaintiff maintains that Rule 86, Texas Rules of Civil Procedure, authorizes a defendant to file a plea of privilege to be sued in the *county of his residence*, and where the proof shows his residence to be some other county, the plea of privilege is defeated, for there is no authority for the court to transfer the case to a county where the defendant does not, in fact, reside. In essence this theory is: Suit in County A; defendant files plea that his residence is County B; proof shows actual residence to be County C. There is no authority to transfer to either B or C, so the suit remains where filed, in County A. This novel theory is bolstered by a correct statement of the law—that the defendant cannot arbitrarily choose one of 254 counties to be sued in—but we are of the opinion that the theory must fall before the provisions of Rule 86 and the decisions thereunder.

Rule 86 provides: "When a plea of privilege is filed in accordance with this rule, it shall be prima facie proof of the defendant's right to change of venue * * *." The rule also provides that he shall state the county of his residence and that he must plead that "no exception to exclusive venue in the county of one's residence provided by law exists in said cause." In construing the rule, our courts have repeatedly held that the statutory plea of privilege is more than a pleading, and amounts to prima facie proof of de-

fendant's right to have venue changed from the county in which suit was filed to the county named in the plea. Tempelmeyer v. Blackburn, 141 Tex. 600, 175 S.W.2d 222; Terrel v. Vandergriff, 351 S.W.2d 910 (Civ.App.,1961). The plea is held to have probative value which, unless successfully controverted, entitles defendant to a change of venue. Davis v. Battles, Tex.Civ.App., 185 S.W.2d 177, answering certified questions 143 Tex. 378, 186 S.W.2d 60. Thus, there is much more to the rule than the determination of the county of defendant's residence, for the defendant is entitled by the rule to a *change from the county of suit* unless that be successfully controverted by plaintiff showing ground for conferring venue on the county of suit. The burden is on the plaintiff to establish venue in the county of suit; otherwise the defendant is entitled to his change *from* that forum. To which county it is changed is another element of the venue trial. The requirement of Rule 86 in this regard is: "If such adverse party desires to controvert the plea of privilege, he shall * * * file a controverting plea under oath, setting out specifically the grounds relied upon to confer venue of such cause *on the court where the cause is pending*." (Emphasis ours). In the case before us, plaintiff did not allege or attempt to prove any ground to confer venue on the Ector County court where the suit was filed, so that we are of the opinion that the plea of privilege of the defendant should have been sustained.

█ After the venue hearing, while the matter was under advisement by the court but before decision, plaintiff was permitted to file a "supplemental" controverting affidavit in which he again adopted his pleading (that defendant's residence was Tarrant County), but in which he alleged for the first time that defendant's residence was unknown within the meaning of subdivision 3 of Article 1995, Vernon's Annotated Texas Statutes. Without passing on the propriety of the court's having permitted the late filing of such pleading, we are of the opinion that venue cannot be sustained

in Ector County under it. Subdivision 3 provides: "Non-residents; residence unknown.—If one or all of several defendants reside without the State or if their residence is unknown, suit may be brought in the county in which the plaintiff resides." Clearly, this subdivision has no application to the facts before us. Counsel for plaintiff had visited the defendant, prior to suit, at his place of business in Tarrant County, and had filed his petition alleging a Tarrant County address where service could be had on the defendant, at which address service was had. In fact, the evidence was all very definite that the defendant had a residence in either Tarrant or Parker County, Texas. The only question was which county, for all proof showed one or the other, and there was no evidence to support an implied finding of "unknown" residence in the sense of the subdivision.

This disposition of the case makes it unnecessary to pass on other matters raised on appeal.

The case is reversed and remanded to the trial court with instructions to that court to enter its order transferring the case to the District Court of Parker County, Texas.