**ALLIED MILLS, INC., Appellant,**

v.

**James Lee THOMPSON, Appellee.**

**No. 4875.**

Court of Civil Appeals of Texas, Waco.

Feb. 26, 1970.

Shannon, Gracey, Ratliff & Miller, Eugene J. Dozier, Ft. Worth, for appellant.

Saunders & Saunders, Don W. Saunders, San Antonio, for appellee.

## OPINION

HALL, Justice.

This case presents a question of venue.

Thompson, the appellee, brought this action in Falls County against Barnett's Inc., and the appellant, Allied Mills, Inc. Without dispute in the record, Barnett's is a resident of Falls County. Allied appeals from an order overruling its controverted plea of privilege to be sued in Tarrant County, the county of its residence. The hearing on the plea was non-jury. Findings and conclusions were neither filed nor requested.

In oral argument before this court Thompson stated that he was relying solely upon the provisions of subd. 4, of Article 1995, Vernon's Annotated Texas Civil Statutes,[1] to hold Allied in Falls County; and Allied conceded that every essential element[2] of that venue exception has been established by Thompson if there is probative evidence in the record that is factually sufficient to prove the cause of action pleaded by Thompson against Barnett's.

In his petition, Thompson pleaded a written "Turkey Feeding Agreement" executed by him and Barnett's. In it, Barnett's agreed to deliver 70,000 turkey poults to Thompson and to furnish him "with feed, grit, poultry medicine, litter and insurance * * * necessary for the proper feeding and caring for the turkeys;" and Thompson agreed to properly grow and care for the turkeys in suitable housing, and "provide all labor, brooding cost, equipment, electricity, water and suitable turkey range and shelter." Provision was made in the contract to compensate Thompson on a "per head" basis, plus a sharing of profits after payment of all production costs. Thompson alleged that Barnett's breached the contract by not providing adequate feed for the turkeys; that because of this breach "a great many turkeys

---

1. "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * * "

2. In Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, the court declared that, to obtain the benefits of the venue exception in question, a plaintiff must (1) plead and prove that one defendant resides in the county of suit; and (2) allege in his petition a joint cause of action against the resident and nonresident defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits; and (3) prove the cause of action pleaded against the resident defendant.

died;" and that as a direct result thereof he has been damaged in the sum of $17,-000.

◼ The contract is in evidence. There is testimony to show that Barnett's was acting with and for Allied when it executed the agreement; that Barnett's supplied the turkey poults and purchased the insurance; that Barnett's supplied very little, if any, feed to Thompson; that most, if not all, of the feed was supplied by Allied; and that Thompson was not supplied an adequate amount of feed "necessary for the proper feeding and caring for the turkeys."

Thompson testified to a loss (by death) of turkeys "as a result of not being furnished feed after they had nearly reached the marketing age;" that "it got to the point toward the last, out of the six pens I was feeding, that two pens had to go without feed everyday;" that "this happened every day from ten days to two weeks toward the end." He stated that the "biggest loss of turkeys" was from "tramping, killing, running over, out of feed."

◼ Allied emphasizes testimony which would tend to excuse Barnett's failure to comply with the contract. This evidence goes to the merits of the case; it is not determinative of venue. See 60 Tex.Jur. 2d 17, 21, Venue, Secs. 199, 200.

We hold that the evidence is legally sufficient to support the implied findings of the trial court that Barnett's breached the turkey feeding agreement by failing to supply Thompson with an adequate amount of feed; and that this breach caused a loss of turkeys and resulting damages to Thompson. Moreover, after a careful study of the entire record, we are convinced that these findings are not against the great weight and preponderance of the evidence.

The judgment is affirmed.