**B & B DEVELOPERS, Appellant,**

v.

**EGO RESOURCES CORPORATION,**
**Appellee.**

No. 6228.

Court of Civil Appeals of Texas,
Waco.

March 12, 1981.

James O. Cure, Temple, for appellant.

R. Mark Schultz, Large & Schultz, Houston, for appellee.

HALL, Justice.

This is a venue case involving Exception 23 of our venue statute, article 1995, Vernon's Tex.Civ.St. Exception 23 provides in pertinent part that a suit against a private corporation may be brought "in the county in which the cause of action or part thereof arose."

Plaintiff B & B Developers filed this suit in McLennan County against defendant Ego Resources Corporation on an alleged breach of a written contract. According to a copy attached to and incorporated into plaintiff's petition, the contract sued upon is in the form of a written offer by defendant, and its acceptance by plaintiff, for roofing work to be performed by defendant on Hilliard Hall at Prairie View A & M University in Waller County. Plaintiff's pleadings may be summarized as follows: Plaintiff is a partnership. Its office is in the City of Moody, McLennan County, Texas. Defendant is a Texas corporation. At the time of the making of the contract, plaintiff was the general contractor for work to be performed on Hilliard Hall. Defendant contacted plaintiff at plaintiff's office in McLennan County and asked permission to subcontract the roofing work. Defendant had reviewed the plans and specifications for the job, which were then in the custody of the architect in the City of Houston, and it represented that it could perform the work. On or about July 20, 1979, defendant submitted its written proposal to plaintiff to do the roofing work for the sum of $36,600.00. The proposal provided that the job was to be performed "in accordance with the drawings and specifications submitted for above work and completed in a substantial workmanlike manner." It also provided that it could be withdrawn by defendant if not accepted by plaintiff within 30 days. Within 30 days after July 20, 1979, plaintiff accepted the proposal and so notified defendant. On or about November 15, 1979, defendant notified plaintiff that defendant would not be able to comply with the roofing job specifications, and that it would not perform the contract as agreed. Because of defendant's breach of the contract, plaintiff suffered particularized damages totaling $53,400.00. Plaintiff prayed for recovery of that sum plus reasonable attorney's fees.

Defendant filed its plea of privilege to be sued in Harris County, the county of its residence. Defendant admitted in the plea that it is a Texas corporation. Plaintiff controverted the plea of privilege, asserting that venue was proper in McLennan County under Exception 23 of the venue statute. Plaintiff incorporated its petition, by reference, into its controverting plea; and it also pleaded in detail that the contract sued upon was made in McLennan County.

The case was heard by the court without a jury.

Plaintiff's proof substantially tracked its pleadings. It included as exhibits copies of defendant's proposal and the architect's plans and specifications for the roofing work. It also included testimony that defendant's proposal was received by plaintiff in the mail at plaintiff's office in McLennan County; and that plaintiff's written acceptance of the proposal, addressed to defendant, was deposited in the post office at Moody, in McLennan County, within 30 days provided in the proposal; that defendant failed to perform the roofing job, and that plaintiff suffered damages as the result of defendant's nonperformance.

Defendant adduced proof that it never received plaintiff's acceptance; that after defendant submitted its proposal, the specifications for the roofing job were changed by plaintiff in certain respects which defendant could not meet; that "right at the very last" of the parties' dealings plaintiff submitted a written contract to defendant which incorporated the changed specifications; that defendant did not execute this contract because it had learned by then it could not meet the changes; that defendant's failure to perform was based upon these changes; and that defendant "was prepared to complete the roofing job as per the Proposal itself."

Plaintiff's rebuttal testimony refuted defendant's claim that the specifications were changed after defendant submitted its proposal.

After the hearing, the trial court sustained defendant's plea of privilege and ordered the case transferred to Harris County. The judgment recites that it was based upon the plaintiff's failure to establish "that the cause of action or a part thereof arose in McLennan County, Texas."

Upon plaintiff's request for express findings of fact and conclusions of law, the trial court filed the following:

## "FINDINGS OF FACT

"1. Plaintiff, B & B DEVELOPERS, is a partnership doing business in McLennan County, Texas.

"2. Defendant, EGO RESOURCES CORPORATION, is a corporation organized and doing business under the laws of the State of Texas with its principal office in Harris County, Texas.

"3. Defendant, EGO RESOURCES CORPORATION, acting by and through its duly authorized representative, after various telephone discussions with Plaintiff's duly authorized representatives and after reviewing certain plans and specifications for certain subcontract work to be performed for Plaintiff at Prairie View A & M University, Waller County, Texas, mailed a written offer to perform said subcontract work to Plaintiff at Plaintiff's offices in Moody, McLennan County, Texas.

"4. Plaintiff, by and through its duly authorized representatives received said written offer in Moody, McLennan County, Texas, reviewed same, accepted said offer, noted said acceptance by signing said written offer, and returned said accepted offer to Defendant by depositing same in the United States Mail, postage prepaid, in the United States Post Office in Moody, McLennan County, Texas.

"5. The written offer made by Defendant stated that it had to be accepted within thirty days of July 20, 1979, and was accepted by Plaintiff within thirty days of July 20, 1979, as described above.

## "CONCLUSIONS OF LAW

"1. Venue of this cause is not proper in McLennan County, Texas, for the reason that no part of the contract sued upon was performable in McLennan County, Texas.

"2. Venue is not proper in McLennan County, Texas, for the reason that neither the cause of action nor any part thereof arose in McLennan County, Texas."

Plaintiff brought this appeal. It asserts that the record conclusively establishes (1) plaintiff's pleaded cause of action against defendant, and (2) that the cause of action arose in part in McLennan County within the meaning of Exception 23 of the venue statute; and, accordingly, that the court erred in sustaining defendant's plea of privilege. Defendant counters with contentions that plaintiff's proof failed to establish that plaintiff's acceptance of defendant's proposal was received by or communicated to defendant, and that the evidence also shows that plaintiff "unilaterally modified the Proposal by attempting to impose new contractual terms upon defendant" in a counter-offer which was not accepted by defendant.

We sustain plaintiff's contentions.

■ It is the settled rule that where a party submits an offer to another through the mail, the party receiving the offer has the right before it is withdrawn "to accept by a writing deposited in the post office, duly stamped, ready for carriage and delivery; and such an acceptance binds the proposer of the contract from the time the deposit is made in the post office, whether it be delivered or not." *Scottish-American Mortg. Co. v. Davis,* 96 Tex. 504, 74 S.W. 17, 18 (1903). Cf. *McKinney v. Croan,* 144 Tex. 9, 188 S.W.2d 144, 145 (1945).

■ In our case, all material elements of plaintiff's contention that defendant's proposal was made and accepted by mail in McLennan County were resolved by the tri-

**800**

al court in plaintiff's favor by express findings that "[defendant] mailed a written offer to perform said subcontract work to Plaintiff at Plaintiff's offices in Moody, McLennan County, Texas"; that "Plaintiff ... received said written offer in Moody, McLennan County, Texas, reviewed same, accepted said offer, noted said acceptance by signing said written offer, and returned said accepted offer to Defendant by depositing same in the United States Mail, postage prepaid, in the United States Post Office in Moody, McLennan County, Texas"; and that the acceptance was timely. These findings have not been challenged on appeal. They are therefore final, and the parties and we are bound by them. *Rancho Camille, S.A. v. Beachum*, 596 S.W.2d 632, 638 (Tex.Civ.App.—Waco 1980, no writ). Under the rule in *Scottish-American Mortg. Co. v. Davis*, supra, they conclusively establish that the contract sued upon in our case was made in McLennan County. Further, we agree with plaintiff that the evidence conclusively established that defendant did not perform the roofing job, and that plaintiff was damaged as the result thereof.

█ In a suit on contract, the making of the contract is a part of the cause of action; and under Exception 23 of the venue statute a suit against a corporation for breach of contract may be maintained in the county where the contract was made. *Brazos Elec. Power Co-op., Inc. v. McCullough*, 599 S.W.2d 357, 361 (Tex.Civ.App.—Waco 1980, no writ).

█ Defendant's proof to the effect that it was justified in breaching the contract because of plaintiff's subsequent change in the specifications goes to the merits of the case. It is not determinative of venue. *Allied Mills v. Thompson*, 451 S.W.2d 789, 791 (Tex.Civ.App.—Waco 1970, no writ).

The judgment of the trial court is reversed. Judgment is here rendered denying defendant's plea of privilege. The case is remanded for trial on its merits.