CENTENNIAL HOMES, INC., Appellant,

v.

Joe WALKER, d/b/a Central
Counter Tops, Appellee.

No. 6297.

Court of Civil Appeals of Texas,
Waco.

May 21, 1981.

---

**3.** See Acts 1969, 61st Leg., p. 2325, ch. 785, § 2, effective June 14, 1969.

James A. Ellis, Jr., Michael Braden, Carrington, Coleman, Sloman & Blumenthal, Dallas, for appellant.

Don Driver, Law Offices of Driver & Curry, Fort Worth, for appellee.

HALL, Justice.

This is a venue case involving Exception 23 of our venue statute, article 1995, Vernon's Tex.Civ.St.

Plaintiff Joe Walker d/b/a Central Counter Tops filed this suit in Johnson County against defendant Centennial Homes, Inc., for damages based upon the alleged breach by defendant of a written contract between the parties under which plaintiff was to manufacture and install counter tops for defendant in houses being constructed by defendant.

Defendant filed its plea of privilege to be sued in Dallas County, the county of its residence. Plaintiff controverted the plea of privilege upon the ground that venue was proper in the county of suit under the provisions of Exception 23 of the venue statute. After a hearing without a jury, the trial court overruled the plea of privilege. Defendant brought this appeal. We affirm the judgment.

The facts upon which we base our decision are undisputed. Defendant is a private corporation. It builds houses in Dallas and Tarrant Counties. Plaintiff manufactures and installs counter tops in houses. Plaintiff's business is located in Johnson County. On May 11, 1979, the parties entered into a written contract under which plaintiff would supply and install counter tops in defendant's houses. The contract was executed in Dallas County. It did not specify any particular job to be performed by plaintiff. Rather, it provided that it was for "VARIOUS JOBS" which "will be assigned [by defendant to plaintiff] from May 11, 1979, through October 11, 1979. Work will be assigned by the [defendant's] Job List." The contract set forth the prices to be charged by plaintiff for the counter tops based upon the model number ordered by defendant in connection with the job assigned. Thereafter, defendant sent a series of "job lists" to plaintiff assigning counter top jobs at various locations. All of the job lists were received by plaintiff at his place of business in Johnson County. Each list contained a detachable portion at its base for plaintiff's use in accepting the jobs assigned. Between May 11, 1979, and August 7, 1979, plaintiff was assigned 1,187 jobs by defendant. All of these jobs were located outside of Johnson County, the county of this suit. Plaintiff accepted all but one by detaching, signing and mailing to defendant the acceptance forms attached to the base of the job lists. These acceptances and the mailings were made by plaintiff in Johnson County. On August 7, 1979, defendant's representative instructed plaintiff by telephone to cease work on the assigned jobs not completed, stating that defendant had decided to use counter tops of lesser quality furnished by another installer. By this time, plaintiff had spent $15,000.00 on materials to be used in completion of the accepted projects. Plaintiff's profit on the projects, if permitted to continue, would

have been approximately $190,000.00. Plaintiff brought this suit for his damages.

Exception 23 of the venue statute provides in pertinent part that a suit against a private corporation may be brought "in the county in which the cause of action or part thereof arose." This Exception permits suit against a corporation in the county in which some part of the transaction creating the primary right, or some part of the transaction relating to the breach of that right, occurred. *Stone Fort Nat. Bank of Nacogdoches v. Forbess*, 126 Tex. 568, 91 S.W.2d 674, 676 (1936).

In our case, although the basic agreement was executed in Dallas County, the assignment of projects by way of the job lists and their acceptance by plaintiff were integral parts of the contract. Defendant's job lists were, in their nature, purchase orders for counter tops to be installed by plaintiff. Each job list provided a detachable form for plaintiff's use in accepting or not accepting, by return mail, the project orders. Without the job assignments or plaintiff's acceptance neither party was obligated to the other under the basic contract, and no cause of action would have accrued thereunder in favor of either party. It is undisputed that all of defendant's orders were accepted by plaintiff in the county of suit. Therefore, within the meaning of Exception 23, plaintiff's cause of action arose in part in the county of suit where the orders were accepted by plaintiff, albeit the basic agreement sued upon, which provided for the assignment of the orders by defendant, was executed in Dallas County. *Loessin & Herndon, Inc. v. Coffield Lumber Company*, 280 S.W.2d 796, 798 (Tex.Civ.App.—Galveston 1955, writ ref'd); *Bering Mfg. Co. v. W. T. Carter & Bro.*, 272 S.W. 1105, 1111 (Tex.Com.App.1925, judgment adopted); *National Furniture Manufacturing Company v. Center Plywood Company*, 405 S.W.2d 115, 116–18 (Tex.Civ.App.—Tyler 1966, writ dism.); *Mercantile Securities Co. v. Taylor*, 60 S.W.2d 1059, 1060 (Tex.Civ.App.—Fort Worth 1933, no writ); *Early-Foster Co. v. A. P. Moore's Sons*, 230 S.W. 787, 788 (Tex.Civ.App.—Tex-

arkana 1921, no writ). Defendant's contrary contention is overruled.

Plaintiff also asserts that the trial court properly held venue in Johnson County because the parties contemplated partial performance of the contract there (plaintiff's construction of the counter tops) and because defendant's breach was communicated to plaintiff there, but we do not reach those questions.

One of defendant's remaining contentions goes to the merits of the case. It is not determinative of venue. *Allied Mills v. Thompson*, 451 S.W.2d 789, 791 (Tex.Civ. App.—Waco 1970, no writ). The others are immaterial in the light of our decision above.

The judgment is affirmed.