**PETROMARK MINERALS, INC., Appellant,**

v.

**BUTTES RESOURCES COMPANY, Appellee.**

No. A2934.

Court of Appeals of Texas, Houston (14th Dist.).

April 29, 1982.

Don E. Kilpatrick, Houston, for appellant.

Charles A. Gall, Jenkins & Gilchrist, Dallas, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

JUNELL, Justice.

Appellant Petromark Minerals, Inc., plaintiff in the court below, appeals from the order granting the plea of privilege filed by Buttes Resources Co., appellee, defendant below. Petromark filed suit in Harris County, Texas, seeking to recover damages allegedly resulting from fraud and breach of contract involved in Buttes' sale of a mineral interest to Petromark pursuant to a joint operating agreement which the parties had entered into for the develop-

ment of oil and gas acreage in an "area of interest" in Brazoria County, Texas.

Petromark contends that the trial court erred in sustaining Buttes' plea of privilege because Buttes waived its plea by invoking the judicial power of the court by engaging in discovery and seeking to compel discovery and by seeking to recover reasonable expenses and attorneys' fees incurred in obtaining the order to compel pursuant to Tex.R.Civ.P. 215a. Petromark also contends that venue properly lies in Harris County under Tex.Rev.Civ.Stat.Ann. art. 1995 §§ 7 & 23 (Vernon 1964). We have considered and, for the reasons discussed below, overrule Petromark's three points of error. Judgment of the trial court is affirmed.

In its first point of error Petromark argues that Buttes waived its plea of privilege by invoking the judicial power of the court by actions inconsistent with a continuing intention to insist upon the plea without expressly reserving the right asserted. Buttes filed a plea of privilege and Petromark filed a controverting plea. In preparation for the venue hearing Buttes filed a request for admissions, interrogatories, and a motion to produce; in addition, Buttes prevailed on a subsequently filed Motion to Compel Answers to Interrogatories, to Compel Production of Documents and to Deem Request for Admissions Admitted, which motion urged the court to assess against Petromark reasonable expenses including attorneys' fees incurred in obtaining the order pursuant to Tex.R.Civ.P. 215a.

■ A plea of privilege is waived when, prior to the venue hearing, the defendant takes some action which is inconsistent with its position on the venue issue. *Buzzini Drilling Co. v. Fuselier*, 562 S.W.2d 878 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ); *Cope Construction Co. v. Power*, 590 S.W.2d 721 (Tex.Civ.App.— Houston [14th Dist.] 1979, no writ). The taking of depositions does not constitute a waiver of a plea of privilege. Tex.R.Civ.P. 88. Nor does a defendant waive his plea to the venue by making or answering a request for admissions under Tex.R.Civ.P.

169, *Davis v. Battles*, 143 Tex. 378, 186 S.W.2d 60 (1945), or by proceeding to take depositions under Rule 186a or seeking the protection of Rule 186b in regard to the taking of depositions. *Industrial State Bank of Houston v. Engineering Service & Equipment, Inc.*, 612 S.W.2d 661 (Tex.Civ. App.—Dallas 1981, no writ). Neither does moving to quash certain requests for admission waive the plea. *Livingston Grain & Grocery Co. v. Samford*, 376 S.W.2d 11 (Tex.Civ.App.—Beaumont 1964, no writ). Because the trial court must be able to preserve and protect the rights of the parties in regard to discovery permitted prior to the venue hearing without waiving the privilege, the trial court may make incidental orders in connection therewith. 376 S.W.2d at 12. The Texas Supreme Court noted in *Davis v. Battles* that Tex.R.Civ.P. 169 governing admission of facts and Tex.R. Civ.P. 86 governing pleas of privilege operate independently. The Supreme Court went on to say that a defendant who files a plea of privilege to the venue enters his appearance in the case within the meaning of Rule 169 subject to the plea of privilege. When issue has been joined on the question of venue, the discovery provisions of Rule 169 may be utilized. 186 S.W.2d at 61. The reasoning of the Supreme Court would not logically limit the discovery tools available in preparing for a venue hearing on a plea of privilege to requests for admissions and depositions. To paraphrase the Dallas Court of Civil Appeals,

[T]he discovery process, and the trial court's supervision thereof, is not inconsistent with the plea of privilege because such process, court supervised, is as much intended to aid the issues in the venue hearing as the trial on the merits.... Discovery pursued by the parties within [the rules], but limited [by the rules] so as to protect each party from abuse..., provides the fullest revelation of the facts so as to further disposition of the venue issue as well as the merit issues.

*Industrial State Bank of Houston v. Engineering Service & Equipment, Inc.*, 612 S.W.2d at 664. The rules permitting dis-

covery would be meaningless without providing for means of compelling a recalcitrant party to respond. It is clear under the case law that Buttes did not waive its plea of privilege by requesting admissions. *Davis v. Battles, supra.* We hold that Buttes did not waive its plea of privilege by serving interrogatories pursuant to Rule 168 or by requesting production of documents pursuant to Rule 167 prior to the venue hearing. In addition, we hold that Buttes' filing of a motion to compel and obtaining a Rule 215a order incidental thereto, including reimbursement of reasonable expenses, was in connection with discovery permissible prior to the venue hearing and was, therefore, not inconsistent with a continuing intention to insist upon its plea of privilege and did not waive the plea of privilege.

Petromark also contends that venue lies in Harris County under article 1995 § 7 because the cause of action is based in part upon fraudulent misrepresentations made by Buttes in Harris County. In order to maintain venue under section 7, Petromark was required to establish by a preponderance of the evidence all elements of a cause of action for fraud committed in the county of suit by Buttes, the party asserting the plea of privilege. *Sanders v. Select Insurance Co.,* 406 S.W.2d 937 (Tex.Civ.App. —Dallas 1966, no writ). For a discussion of the elements of a cause of action for fraud, see *Custom Leasing, Inc. v. Texas Bank & Trust Co. of Dallas,* 516 S.W.2d 138 (Tex. 1974). We do not reach the question whether Petromark sustained its burden by establishing a cause of action for fraud, because Petromark fails to establish that the fraud, if any, was committed in Harris County. Petromark asserts that it was defrauded by representations contained in an offer extended to Petromark by letter dated May 12, 1976, and mailed from Harris County to Petromark at its office in Calgary, Canada. Fraud occurs where the communication embodying the misrepresentation is received and acted upon. *Brown v. Gray & Wilmerding,* 256 S.W. 977 (Tex. Civ.App.—Galveston 1923, no writ); *Rogers v. B & R Development, Inc.,* 523 S.W.2d 15

(Tex.Civ.App.—Fort Worth 1975, no writ). In our opinion the trial court correctly determined that venue was not retained in Harris County under article 1995 § 7.

Finally, Petromark contends that the trial court erred in sustaining Buttes' plea of privilege because the cause of action is based in part upon a breach of contract occurring in Harris County, and, therefore, venue properly lies in Harris County under article 1995 § 23. Exception 23 of the venue statute permits suit against a corporation in the county in which some part of the transaction creating the primary right, or some part of the transaction relating to the breach of the right occurred. *Centennial. Homes, Inc. v. Walker,* 617 S.W.2d 748 (Tex. Civ.App.—Waco 1981, no writ). In order to satisfy the requirements of section 23, the party contesting the plea of privilege must show that the cause of action or a part thereof arose in the county of suit and must also establish by a preponderance of the evidence all the elements of the cause of action against the corporate defendant. *National Pump Co. v. C. & L. Machinery Co.,* 565 S.W.2d 331 (Tex.Civ.App.—Amarillo 1978, no writ). Without reaching the question whether Petromark established a cause of action for breach of contract, we conclude that it failed to establish venue under section 23 because it did not sustain the burden of showing that a part of the underlying contract or the breach thereof, if any, arose in Harris County. For venue purposes a contract is made in the county in which it is accepted. *Centennial Homes, Inc. v. Walker, supra; Loessin & Herndon v. Coffield Lumber Co.,* 280 S.W.2d 796 (Tex.Civ.App.—Galveston 1955, writ ref'd). The joint operating agreement on which Petromark bases its claim of breach of contract was executed by Buttes in Harris County, Texas, and mailed to Calgary, Canada, for acceptance by Petromark. The mineral interests which are the subject of the joint operating agreement are located in Brazoria County, Texas. The theory of breach of contract asserted by Petromark is founded on Petromark's claim that the representations and terms of the offer letter

mailed to Petromark in Calgary, Canada, as previously discussed, constituted a breach of duty owed to Petromark under the provisions of the joint operating agreement. Having failed to prove that the contract in question was entered into in Harris County or that any breach occurred there, Petromark failed to retain venue in Harris County under article 1995 § 23.

In our opinion the trial court properly sustained Buttes' plea of privilege. We affirm.