Opinion issued July 6, 2007






 









In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00453-CV






IN RE RACHEL LEDER, Relator






Original Proceeding on Petition for Writ of Mandamus






O P I N I O N

 Relator, Rachel Leder ("Rachel"), has filed a petition for writ of mandamus
complaining of Judge James Blackstock's order (1) denying her request to transfer a suit
affecting the parent-child relationship ("SAPCR") from Brazoria County to Harris
County. Because it was an abuse of discretion to deny the motion to transfer, we hold
that Rachel is entitled to mandamus relief.

Background

 In 2000, Rachel and real party in interest, Gregory Leder ("Gregory"), were
divorced in Brazoria County district court. Pursuant to the divorce decree, Rachel
and Gregory became the joint managing conservators of their two children, C.L. and
T.L. The decree gave Rachel the right to establish the primary residence of the
children. Sometime after the divorce, Rachel and the two children moved to Harris
County.

 On March 22, 2007, Gregory filed a petition to modify matters affecting the
parent-child relationship. Gregory filed the motion in Brazoria County district court. 
Gregory sought to modify custody with respect to T.L. only. Specifically, Gregory
requested that "[T.L.] be allowed to return with [Gregory] to Louisiana and enroll in
school there." Gregory requested that he be named T.L.'s sole managing conservator,
or alternatively, that he be named the joint managing conservator with the right to
designate T.L.'s primary residence. 

 On the same day, the trial court signed a "Temporary Restraining Order and
Order Setting Hearing for Temporary Orders," in which it ordered T.L. to return with
Gregory to Louisiana pending further hearing. On March 26, 2007, Rachel filed a
general denial, a counter-petition, and a motion to transfer venue. In the motion to
transfer, Rachel requested that venue be transferred from Brazoria County to Harris
County. Rachel alleged that T.L. had resided in Harris County for at least six months. 
She also filed a "Motion to Vacate Ex Parte Temporary Orders, and in the Alternative
an Emergency Hearing and Request for Sanctions." In addition, Rachel filed a
certificate of written discovery indicating that she had served Gregory with her
request for production, interrogatories, and request for disclosure. On March 30,
2007, Rachel filed another motion for sanctions and a notice of hearing regarding the
motion to transfer and the request for sanctions.

 On April 26, 2007, Gregory's attorney filed an affidavit to controvert the
motion to transfer. In the affidavit, Gregory's attorney averred that Rachel "has
appeared or will appear in a hearing on a Motion to Vacate, Temporary Orders or
other hearing before a hearing on the Motion to Transfer and therefore has waived
jurisdiction."

 At a hearing on May 10, 2007, the trial court denied the motion to transfer and
held that Rachel had waived venue by invoking the jurisdiction of the court. On May
29, 2007, the court signed an order denying the motion to transfer, which Rachel
challenges in this mandamus proceeding.

Standard of Review


 An erroneous denial of a mandatory venue transfer is subject to mandamus
relief without a showing of inadequate remedy by appeal. In re Tex. Ass'n of Sch.
Bds., Inc., 169 S.W.3d 653, 656 (Tex. 2005); see Tex. Fam. Code Ann. § 155.204(h)
(Vernon Supp. 2006) (providing that denial of mandatory transfer is not subject to
interlocutory appeal). Mandamus relief is available only to correct a "clear abuse of
discretion" when there is no adequate remedy by appeal. Walker v. Packer, 827
S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its
discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a
clear and prejudicial error of law.'" Id. (citing Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). Mandamus will issue when
there is a legal duty to perform a nondiscretionary act, a demand for performance, and
a refusal. O'Connor v. First Court of Appeals, 837 S.W.2d 94, 96 (Tex. 1992) (orig.
proceeding).

Analysis

 The duty to transfer a SAPCR pursuant to Family Code section 155.201(b) is
a mandatory, ministerial duty. Proffer v. Yates, 734 S.W.2d 671, 673 (Tex. 1987); In
re Wheeler, 177 S.W.3d 350, 352 (Tex. App.--Houston [1st Dist.] 2005, orig.
proceeding). Section 155.201(b) provides, in pertinent part,

 If a suit to modify or a motion to enforce an order is filed in the court
having continuing, exclusive jurisdiction of a suit, on the timely motion
of a party the court shall, within the time required by Section 155.204,
transfer the proceeding to another county in this state if the child has
resided in the other county for six months or longer. 

Tex. Fam. Code Ann. § 155.201(b) (Vernon Supp. 2006). Here, no one disputes that
the trial court has continuing, exclusive jurisdiction over the case. See Tex. Fam.
Code Ann. § 155.001(a) (Vernon 2002). The mandamus record shows that Rachel
timely filed the motion to transfer venue, see Tex. Fam. Code Ann. § 155.204, and
it is undisputed that T.L. had lived in Harris County longer than six months at the
time Gregory filed the SAPCR. Accordingly, the requirements of section 155.201(b)
have been satisfied. 

 Nonetheless, Gregory contends, and the trial court concluded, that Rachel
waived venue by invoking the trial court's judicial power. More particularly, Gregory
claims that Rachel acted inconsistently with her desire to change venue when she
filed a counter-claim, a jury demand, a motion to vacate the ex parte temporary
orders, two motions for sanctions, and a certificate of written discovery before
obtaining a ruling on her motion for transfer. In so doing, Gregory relies on the legal
precept that a party may impliedly waive venue by taking some action inconsistent
with an intent to pursue the venue motion, thereby invoking the judicial power of the
court. See Grozier v. L-B Sprinkler & Plumbing Repair, 744 S.W.2d 306, 309-10
(Tex. App.--Fort Worth 1988, writ denied). 

 In reviewing the waiver issue, we are cognizant that the Family Code's transfer
procedures are the exclusive mechanisms for challenging venue and for transferring
the case in a SAPCR. (2) See Leonard v. Paxson, 654 S.W.2d 440, 441 (Tex. 1983); see
also In re G.R.M., 45 S.W.3d 764, 767 (Tex. App.--Fort Worth 2001, no pet.). A
review of the pertinent Family Code sections reveals that a party seeking a transfer
does not waive venue by requesting affirmative relief in the trial court before
obtaining a ruling on the motion to transfer venue. Specifically, Family Code section
155.204(b) provides, in part, that a motion to transfer is timely if filed by a petitioner
when she files her initial pleadings in a SAPCR. (3) Tex. Fam. Code Ann.
§ 155.204(b) (Vernon Supp. 2006). In other words, section 155.204(b) contemplates
the simultaneous filing of a motion to transfer and a request for affirmative relief. 
Thus, to the extent that Rachel requested relief from the trial court in tandem with her
motion to transfer, such action does not waive venue.

 We also recognize that a party seeking a venue transfer may generally urge
certain preliminary motions without waiving the right to complain about venue. See
Gentry v. Tucker, 891 S.W.2d 766, 768 (Tex. App.--Texarkana 1995, no writ). Of
particular relevance, courts have held that, because venue relates to trial on the merits,
contesting a motion for temporary relief without first challenging venue does not
waive a venue challenge. See Green v. Barker, 806 S.W.2d 274, 275 (Tex.
App.--Fort Worth 1991, orig. proceeding) (holding that, in SAPCR, movant asserting
motion to transfer did not waive venue challenge by participating in hearing on
temporary orders before filing motion to transfer); Box v. Fleming, 484 S.W.2d 617,
619 (Tex. Civ. App.--Eastland 1972, no writ) (holding that wife's motion to set aside
show cause order pending final hearing on main suit did not waive venue challenge);
cf. In re Lambdin, No. 07-03-0328-CV, 2003 WL 21981975, *3 (Tex.
App.--Amarillo Aug. 20, 2003, orig. proceeding) (mem. op.) (concluding that, in
SAPCR, wife's participation in trial on the merits of husband's motion to enforce,
without first seeking ruling on her motion to transfer, waived venue challenge). 
Courts have also held that pursing other preliminary matters ancillary to the main
action, such as engaging in discovery, does not waive venue. See Petromark
Minerals, Inc. v. Buttes Res. Co., 633 S.W.2d 657, 659 (Tex. App.--Houston [14th
Dist.] 1982, writ dism'd w.o.j.). 

 Here, we conclude that Rachel's actions did not waive her venue challenge. 
The affirmative relief requested by Rachel in tandem with her motion to transfer is
expressly contemplated by the mandatory venue statute. See Tex. Fam. Code Ann.
§ 155.204(b). Rachel's preliminary motions and discovery are ancillary to the main
action and did not invoke the power of the trial court in a manner inconsistent with
Rachel's continuing intention to insist on a change of venue. (4)
 See Gentry, 891
S.W.2d at 768. 

Conclusion


 Because Rachel's motion to transfer was timely, T.L. had lived in Harris
County for six months or longer, and Rachel did not waive venue, a transfer to Harris
County is mandatory. See Tex. Fam. Code Ann. § 155.201(b). We hold that the trial
court abused its discretion by denying the motion to transfer. Accordingly, we hold
that Rachel is entitled to mandamus relief. We will issue the writ only if Judge
Blackstock fails (1) to vacate his May 29, 2007 order denying the motion and (2) to
enter an order transferring the case to Harris County. 





 Laura Carter Higley

 Justice



Panel consists of Justices Taft, Keyes, and Higley.
1. The Hon. Randall Hufstetler is the elected judge of the 300th Judicial District Court
of Brazoria County. The Hon. James Blackstock, sitting as visiting judge, signed the
complained of order in the underlying suit, In the Interest of Ciara Jade Leder and
Tarah Elise Leder, children, No. 9091 (300th Dist. Ct., Brazoria County, Tex.).
2. As a result, courts have held that, in a SAPCR, the Family Code's transfer provisions
supplant the rules of procedure and venue statutes, which govern venue challenges in
other types of civil cases. Leonard v. Paxson, 654 S.W.2d 440, 441 (Tex. 1983). 
Thus, to the extent that Gregory asserts that Rachel has violated the due order of
pleadings rule found in the Rules of Civil Procedure, such rule is not applicable. See
Martinez v. Flores, 820 S.W.2d 937, 938 (Tex. App.--Corpus Christi 1991, no writ)
(interpreting predecessor section 11.06, court held that due order of pleadings rule,
Tex. R. Civ. P. 86(1), not applicable to filing of motion to transfer venue in SAPCR).
3. Section 155.204(b) provides, in its entirety, as follows: 

 

 Except as provided by Subsection (a) or Section 262.203, a motion to transfer
by a petitioner or movant is timely if it is made at the time the initial pleadings
are filed. A motion to transfer by another party is timely if it is made on or
before the first Monday after the 20th day after the date of service of citation
or notice of the suit or before the commencement of the hearing, whichever is
sooner.


 Tex. Fam. Code Ann. § 155.204(b) (Vernon Supp. 2006).
4. A party filing a venue motion has the burden to diligently request a setting on the
motion and obtain a ruling prior to a trial on the merits. Cliff Jones, Inc. v. Ledbetter,
896 S.W.2d 417, 418 (Tex. App.--Houston [1st Dist.] 1995, no writ). A delay in
obtaining a hearing provides a basis for the trial court to deny a venue motion. Carlile
v. RLS Legal Solutions, Inc., 138 S.W.3d 403, 408 (Tex. App.--Houston [14th Dist.] 
2004, no pet.). Here, there was no delay. Rachel filed a notice of hearing on the
motion to transfer four days after filing the motion. The trial court heard and orally
denied the motion 45 days after it was filed, before any decision on the merits.