**Stephen L. ROSENTHAL, Appellant,**

v.

**Lindsey SHORT, Jr., Appellee.**

**No. 17413.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 10, 1979.

Rehearing Denied June 14, 1979.

Gerald Weatherly, Dallas, for appellant.

Lilly, Hamilton & Short, George W. Covington, Houston, for appellee.

EVANS, Justice.

The defendant appeals from a final judgment entered in favor of the plaintiff in a suit on a written lease agreement. The question before this court is whether the trial court properly disposed of the venue issue before proceeding to trial on the merits.

The record reflects that after the defendant was served with the plaintiff's original petition, he filed a plea of privilege, asserting his right to be sued in Dallas County, the county of his residence. The plaintiff then filed his controverting affidavit, attaching his certificate of service that he had mailed a true and correct copy of the affidavit to the defendant's attorney of record. The cause was subsequently set for trial on the merits and the defendant was served with a notice of the trial setting. The defendant did not appear in court on the day the case was set for trial, and the trial court entered a final judgment in favor of the plaintiff, reciting that the defendant, though duly and legally cited to appear and having received a notice of the trial setting, did not appear and no jury having been demanded, the court proceeded to hear the case on the pleadings, evidence and argument of counsel.

Rule 87 Tex.R.Civ.P. provides:

"Upon the filing of such controverting plea the judge or justice of the peace shall note on same a time for a hearing on the plea of privilege . . . Such hearing, unless the parties agree upon the date, shall not be had until a copy of such controverting plea, including a copy of such notation thereon, shall have been mailed by registered mail to the defendant or his attorney . . ., or shall have been delivered to defendant or his attorney, at least ten days before the date set for hearing, after which the court shall promptly hear such plea of privilege and enter judgment thereon."

The trial judge did not note on the plaintiff's controverting affidavit the time for a hearing on the venue issue, and the defendant's attorney denies that he ever received a copy of the controverting affidavit. The plaintiff does not contend that the defendant was ever given notice of a hearing on the venue matter, and neither the trial court's judgment or the court's docket indicate any action having been taken by the trial court on the venue issue.

It was the plaintiff's responsibility to see that the venue matter was resolved before a trial on the merits, and the defendant's failure to appear in response to the trial setting did not constitute a waiver of his position with respect to the venue issue. *Alamo Express Inc. v. Stansell*, 445 S.W.2d 222 (Tex.Civ.App.—San Antonio 1969, no writ). Since the trial court did not properly dispose of the defendant's plea of privilege at a hearing of the venue matter, it was without authority to enter a judgment against the defendant in the main suit. *Texas-Louisiana Power Company v. Wells*, 121 Tex. 397, 48 S.W.2d 978, 981 (1932); *Norrell v. National Motor Club of Texas, Inc.*, 498 S.W.2d 257, 260 (Tex.Civ.App.—Tyler 1973, no writ).

The trial court's judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

WALLACE and WARREN, JJ., also sitting.