LIBERTY ENTERPRISES,
INC., Petitioner,

v.

MOORE TRANSPORTATION
COMPANY, INC., et al,
Respondent.

No. C–3864.

Supreme Court of Texas.

May 29, 1985.

Rohde, Chapman, Ford and How, Lawrence M. Wells, Dallas, for petitioner.

Cantey, Hanger, Gooch, Munn and Collins, Perry J. Cockrell, Fort Worth, Baker, Miller, Mills and Murray, Bill Kuhn, Dallas, for respondent.

ROBERTSON, Justice.

This is a suit for freight charges, and the primary issue involves the limits of a special appearance. Moore Transportation Company sued Liberty Enterprises, Inc. for freight charges on shipments of goods which Liberty had purchased from Fort Worth Pipe Company. Moore secured a default judgment against Liberty. Three weeks later, Liberty filed its special appearance; and on the same day, Liberty filed a motion to set aside the default judg-

ment and to grant a new trial. Two weeks later, the trial judge signed an agreed order granting a new trial. Thereafter, Moore filed a motion to vacate the agreed order and to reinstate the default judgment. In the alternative, Moore requested that Liberty's conduct be deemed a general appearance. The trial court granted Moore's motion and decreed that Liberty had made a general appearance.

After a nonjury trial, the court rendered judgment in favor of Moore. The court of appeals reversed the trial court's judgment on the matter of its jurisdiction and remanded the cause for a determination on the special appearance; however, the court of appeals also held that the jurisdictional issue was separable and affirmed the case on the merits. 679 S.W.2d 779 (Tex.App. 1984). We reverse that part of the court of appeals' judgment dealing with the jurisdictional question and affirm the trial court's judgment in its entirety.

Liberty complains that the court of appeals erred in partially affirming the trial court's judgment after reversing and remanding for a new trial on the jurisdictional question. Liberty argues that a jurisdictional question is not separable without unfairness to the parties and that an error as to jurisdiction cannot be one which "affects a part only" of a controversy. *See* Tex.R.Civ.P. 434. While we do not approve of the court of appeals' action in this regard, we need not address the question because we hold that the court of appeals erred in reversing the trial court's determination of jurisdiction.

This is the threshold question: whether the trial court erred in deeming Liberty's conduct a general appearance and in so denying Liberty a hearing on its special appearance. In Liberty's motion for new trial, it stated that "Liberty is ready to try this case when it is properly set for trial." Furthermore, Liberty agreed to the court's order reinstating the cause of action. We hold that by these affirmative actions, Liberty submitted to the court's jurisdiction; as such Liberty's actions constituted a gen-

eral appearance and foreclosed any subsequent hearing on its special appearance. *See St. Louis and S.F.R. Co. v. Hale,* 109 Tex. 251, 206 S.W. 75 (1918); *see also* 2 R. McDonald, Texas Civil Practice in District and County Courts § 9.04 (rev. 1982); *see also* Thode, *In Personam Jurisdiction; Art. 2031b, The Texas "Long-Arm" Jurisdiction Statute; and the Appearance to Challenge Jurisdiction in Texas and Elsewhere,* 42 Tex.L.Rev. 279, 317–318 (1964).

Therefore, we reverse the judgment of the court of appeals as it relates to the jurisdictional question. In all other respects we affirm the judgment of the court of appeals and thus, we affirm the trial court's judgment in its entirety.