**Cecil GROZIER, Appellant,**

v.

**L–B SPRINKLER & PLUMBING REPAIR, Appellee.**

**No. 2–86–267–CV.**

Court of Appeals of Texas, Fort Worth.

Jan. 14, 1988.

Rehearing Denied Feb. 11, 1988.

Alley & Alley and Richard Alley, Fort Worth, for appellant.

Ball, Landrith, Kulesz & Hubble and Russell B. Shelton, Arlington, for appellee.

Before FENDER, C.J., and JOE SPURLOCK, II and FARRIS, JJ.

## OPINION ON REHEARING

JOE SPURLOCK, II, Justice.

Our opinion of November 25, 1987 is withdrawn and this opinion substituted. The judgment is unchanged.

Appellee, L–B Sprinkler & Plumbing Repair (L–B Sprinkler) sued Cecil Grozier, appellant, for damages in a suit on a sworn account. L–B Sprinkler moved for summary judgment, Grozier did not respond to the motion. Judgment was granted for L–B Sprinkler. Grozier filed a motion for new trial which was overruled. Grozier appeals complaining that the trial court erred in failing to hear a motion to transfer venue before granting the summary judgment and that there remains a genuine question of material fact about venue. We find no error.

We affirm.

After being served with notice of the lawsuit, Grozier, by his attorney, filed a motion for transfer of venue of the cause of action from Tarrant County to his home county of Hood and filed his original answer subject to the motion. The motion to transfer venue was set for hearing on July 29, 1986. His attorney appeared, but, instead of presenting evidence on the venue motion, he presented a motion to withdraw as counsel of record. The court granted the motion to withdraw. The venue motion was not heard then nor was it ever reset on the court's docket.

On the 10th of July, before the date set for the hearing on the venue motion, L–B Sprinkler filed a request for admissions and interrogatories directed to Grozier through his attorney. Grozier never made a response to the request for admissions or interrogatories, nor did he ever make any response to L–B Sprinkler's motion for summary judgment which was filed on August 13, 1986. Only L–B Sprinkler appeared at the 17th of September hearing set to consider its motion for summary judgment. Neither Grozier nor any attorney for him appeared. The court granted the motion for summary judgment for L–B Sprinkler in the amount of $4,900 plus interest, cost, and attorney's fees. Appellant filed a motion for new trial which was set for hearing and denied by the court.

In his first point of error Grozier argues that as his motion for transfer of venue was properly made under TEX.R.CIV.P. 86, the matter should have been promptly heard. TEX.R.CIV.P. 87. Grozier argues that once the motion was presented to the court and a hearing requested, the *court had a duty to consider the motion before the court considered any other matter* in the case in chief. Specifically Grozier argues that the filing of the *motion to transfer venue* divested the trial court of authority to render a final judgment until that motion was determined. *See Wheeler v. Keels*, 584 S.W.2d 574 (Tex.Civ.App.— Beaumont 1979, no writ).

He further argues that where the motion to transfer is filed, unless the adversely affected party controverts the same, a prima facie showing is made and no issue being joined the motion should be granted. *See Manges v. Mustang Oil Co., Inc.*, 628 S.W.2d 503 (Tex.App.—Corpus Christi 1982, no writ). Appellee filed neither an answer nor any response to the motion for change of venue. As appellee failed to controvert the motion, Grozier argues that venue properly belongs in Hood County, Texas. As the court made no venue ruling, Grozier concludes that the fact issue of venue was incorrectly subsumed in granting the summary judgment, and the judgment granted was improper.

We have considered the cases cited by Grozier and the authority contained therein and agree that, under the proper circumstances, they are good law. As a general proposition, it is true that an uncontested motion to change venue should be granted *at a hearing to test the truth of the motion*, if the evidence supports the

motion to change venue. However, the question in the case on appeal is what effect should be given a judgment when *no hearing is held by the court, nor ruling otherwise made* upon *an uncontested motion for change of venue.*

We begin our analysis of the issue, that summary judgment was granted without a ruling by the court on the venue question, under the *new* rule 87 of the Texas Rules of Civil Procedure. We believe the latest (1986) change in the rule was intended to clarify the issue of the *jurisdiction* of the trial court to try cases in which unresolved venue motions are pending. It is apparent that the change in rule 87 was to clarify the procedural steps to take to resolve venue questions. The previous limitations upon the court's authority pending a ruling on venue was as held by the Texas Commission of Appeals, in the matter of *Texas–Louisiana Power Co. v. Wells*, 121 Tex. 397, 48 S.W.2d 978 (1932):

> It is not to be doubted that, upon the filing of the plea of privilege in conformity to the statute, the court, until such plea is properly disposed of, is without jurisdiction to enter a judgment in the main suit against the defendant.

*Id.* 48 S.W.2d at 981. The effect of the rule stated in *Wells* is specifically that *the filing of the plea divest the trial court of jurisdiction*, pending disposal of the plea, *to enter judgment* in the main suit against the defendant. The Court in *Wells* noted that the precise question of *divestiture of jurisdiction to enter judgment* was specifically decided in the cases of *Craig v. Pittman & Harrison Co.*, 250 S.W. 667 (Tex. Comm'n App.1923, judgment adopted) and *Galbraith v. Bishop*, 287 S.W. 1087 (Tex. Comm'n App.1926, holding approved). *Id.*

In more recent times, Justice Frank Evans, writing for the 1st Court of Appeals in Houston, reaffirmed the results of the holding in *Wells* with this statement: "since the trial court did not properly dispose of the defendant's plea of privilege at a hearing of the venue matter, it was without authority to enter a judgment against the defendant in the main suit." *Rosenthal v. Short*, 582 S.W.2d 214, 215 (Tex.Civ.

App.—Houston [1st Dist.] 1979, writ dism'd). We note however, that the premise upon which Justice Evans wrote in the *Rosenthal* case, and specifically the premise upon which the matter was decided in the *Texas–Louisiana* case was as stated by Justice Evans in the *Rosenthal* case:

> It was the *plaintiff's responsibility to see that the venue matter was resolved before a trial on the merits,* and the defendant's failure to appear in response to the trial setting did not constitute a waiver of his position with respect to the venue issue. [Citation omitted.] [Emphasis added.]

*Id.* at 215. This rule specifies the procedural steps to be taken under rule 87 pre–1986 amendments. The plaintiff below in our case was L–B Sprinkler, the appellant was the defendant. In point of error one, Grozier argues that Sprinkler failed to obtain a ruling, and that the court had no authority under *Wells* to try the case to judgment.

Since the decision in *Rosenthal* in 1979, the Texas Supreme Court has promulgated a change to rule 87 of the Rules of Civil Procedure. Rule 87 now provides *new* language in the second sentence of section 1: "[t]he movant has the duty to request a setting on the motion to transfer." The record in this case shows that the *movant did request a hearing* on the motion to transfer. However, at that time, instead of insisting upon a ruling on the motion, counsel for the appellant requested to be relieved as attorney of record. The request was granted. Thereafter, neither appellant nor any attorney acting for him complied with the provisions of amended rule 87 to request a setting on his motion to transfer. Appellee argues Grozier waived his venue claim. The question for us to decide is if, in the absence of affirmative action to get a ruling on his motion, appellant waived his claim for change of venue.

The law in Texas has long been that any party to a lawsuit may expressly or impliedly waive rights conferred upon him by a venue statute. The matter of venue is a personal privilege which may be waived. *See Mooney Aircraft, Inc. v.*

*Adams,* 377 S.W.2d 123, 125 (Tex.Civ.App. —Dallas 1964, no writ), and the cases cited therein at page 125, together with the learned treatise which the Dallas court considered in *Mooney.* The court further noted at page 125, that the *accomplishment of a waiver* of the venue privilege *may be either expressed or implied.* The court held that an express waiver is shown by clear overt acts evidencing an intent to waive, and an implied waiver occurs when a party, often inadvertently, takes some action inconsistent with his position upon the venue issue and therefore is held to have waived his rights thereon. *Id.,* at 125–26. In considering the circumstances involved in a great number of venue cases, the court concluded, "[i]t has been conclusively established that the inconsistent action resulting in waiver is one which invokes the general jurisdiction of the court without reservation of rights asserted by the filing of the plea of privilege." *Id.* at 126. The court cited a number of cases which have held that when a party does not first seek a ruling on its plea of privilege, its benefits may be waived by submitting for the courts determination matters on: a plea in abatement; pleading a cross-action in which affirmative relief was sought; asking for and obtaining a continuance; invoking a rule for cost; or invoking the judgment of the court on action not incident to or pertaining to the privilege, and otherwise submitting to the jurisdiction of the court. *Id.*

In the case on appeal, we observe that the court noted on the docket sheet at the hearing on the venue motion, that the attorney for Grozier appeared and his request to withdraw was granted. Grozier thereafter made no answer to the interrogatories or the request for admissions. He made no response or objection later to the motion for summary judgment or to the hearing on that motion, and made no request to reset the venue motion for hearing. In fact, no other activity took place on the part of Grozier in the trial of this case until after the motion for summary judg-

ment was granted and judgment entered. He then appeared by new counsel and moved for a new trial on the basis that the venue question still existed. His motion for a new trial was denied.

We find the actions of appellant in submitting his motion to the court and obtaining its ruling to permit his attorney of record to withdraw, instead of pursuing his uncontroverted venue motion set at the same hearing, are actions which are inconsistent with his appellate position that the venue issue is unresolved. *See Talbert v. Miles,* 477 S.W.2d 710, 711 (Tex.Civ.App.— Waco 1972, no writ). It has been specifically held a plea of privilege is waived when, prior to the venue hearing, the defendant takes some action which is inconsistent with his position on the venue issue. *See Petromark Minerals, Inc. v. Buttes Resources, Co.,* 633 S.W.2d 657, 659 (Tex.Civ. App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). (But, also see the cases cited therein which list other circumstances when actions taken by defendants were held not to be inconsistent with their position on the venue issue.) Most of the cases discussed in *Petromark Minerals, Inc.* have to do with actions relating *to discovery in regard to the venue issue itself. Id.* at 659. They do not preclude our holding today, nor do we believe we conflict with or contradict any of them.

In the case on appeal, the actions taken by appellant were not in relation to discovery or on any matter concerning the venue issue. In fact, the only activity relating to appellant's motion for change of venue which appears in any way in the record is a notation on the docket sheet of the court that the venue matter was set for a hearing on July 29, 1986, at 8:30 a.m. with a notation that the motion for the appellant's trial attorney to withdraw was likewise set. We consider the docket sheet only because appellant has called this notation to our attention. *See Energo Intern. Corp. v. Modern Indus. Heating, Inc.,* 722 S.W.2d 149, 151 (Tex.App.—Dallas 1986, no writ).[1]

---

1. We do not necessarily agree with the holding in *Energo International* but a discussion of that

holding, and our analysis or disagreement, is not necessary to the disposition of this case;

Appellant relies on the docket sheet as proof that he set the venue motion for hearing in compliance with rule 87. The docket sheet notation appellant asks us to consider is that of the hearing on July 29, 1986. The entry is that there was a hearing on the appellant's attorney's motion to withdraw, appellant's attorney was present, all others were absent. The motion to permit the attorney to withdraw was granted and an order was signed permitting the attorney to do so, but, he was to notify the other attorneys immediately. Nothing else appears on the docket sheet or elsewhere in the record concerning appellant's motion on the venue question.

■ We believe that as a result of the change in rule 87, that a movant has an affirmative duty to request a setting on the motion to transfer, it is logical to conclude he *must* pursue a hearing thereon in order to later rely upon his motion. In the absence of a showing that movant pursued a hearing before the court, we hold an appellate court may look to other matters in the record to determine whether or not movant has either expressly or impliedly waived the rights conferred upon him by the venue statute. We find the fact that appellant did not reset his motion for hearing after the motion had first been set but not heard or otherwise ruled upon is affirmative evidence that he waived his motion to transfer venue.

We further find that appellant's actions in the trial court in seeking the withdrawal of his attorney of record and thereafter failing to pursue his venue motion are acts inconsistent with asserting his motion, and are evidence of an implied waiver of his rights conferred upon him by the venue statute. We also find that his failing to answer interrogatories and requests for admissions filed in the case, some of which were relative to questions necessary to a venue hearing, together with his failure to answer or respond in any way to the motion for summary judgment by means of affidavit or deposition, or to object to the proceedings in any way, or to then reassert his venue motion, are evidence of an im-

plied waiver of his motion. These failures to act indicate an intent that he did not desire the court's ruling on his venue claim and was waiving his motion. Instead of appellant's affirmative action on his motion, in this case we have his silent, passive acquiesence in all that was done, after he invoked the authority of the court to permit his attorney to withdraw.

We further find that when summary judgment had been granted against him, and he thereafter *invoked* the jurisdiction of the trial court by filing a motion for a new trial, that action seeking a new trial was inconsistent with his objection to the venue of the Tarrant County court in the case. It was an act seeking to invoke the authority of the court whose authority he was challenging. For reasoning analogous to that we now use, in a matter involving an out-of-state defendant and its special appearance before a Texas Court, see our Supreme Court's decision in *Liberty Enterprises v. Moore Transp. Co.*, 690 S.W.2d 570 (Tex.1985).

In *Liberty Enterprises*, the trial court had deemed Liberty's conduct a general appearance contrary to its plea of a special appearance when Liberty presented to the trial court a motion for new trial. The Supreme Court agreed that Liberty, by its affirmative action in filing a motion for new trial and agreeing to an order granting the same, had subjected itself to the trial court's jurisdiction. The analogy to our case is that, instead of relying on his venue position and appealing the summary judgment, Grozier sought the authority of the court to grant him a new trial and thereby acquiesced in the court's authority. As the Eastland Court of Appeals has said: "It is well settled that the presenting of a plea in abatement or *other pleading in which a defendant invokes the active jurisdiction of the court* is a waiver of a plea of privilege." [Citations omitted.] [Emphasis added.] *Dossey v. Oehler*, 359 S.W.2d 624, 626 (Tex.Civ.App.—Eastland 1962, writ dismissed). For all of the reasons discussed, we find Grozier impliedly waived his motion to change venue.

however, we do not believe *Energo International*　　precludes *all* considerations of docket sheets.

How, though, is a trial court to know whether a movant has "impliedly waived" his venue motion, and know whether it may proceed to judgment? The oldest Texas cases in this area of venue speak of the court's *jurisdiction* to hear the matter involved when a venue question is pending. While we do not quarrel with the Texas Commission of Appeals in the *Texas–Louisiana* case, nor other courts which have cited that case with authority and followed *the rule that a court is without "jurisdiction" to hear any matter in a case until a venue issue is resolved,* we believe that rule is no longer a correct statement of the law. It is clear to us, that under the change to rule 87, to clarify venue questions, that the motion to transfer venue is to be treated in the same way as other *ordinary motions* are considered by the court. No longer are we concerned with a question of "jurisdiction" of the trial court to hear other matters in the case, *if the movant does not pursue the venue question.*

▮ The rule clearly requires the court *to promptly determine* the issue of venue, nevertheless it is equally clear that if the movant wants to rely upon his motion for change of venue, or complain of the trial court's failure to act upon it, he has an affirmative duty to request a setting and pursue the court's ruling on his motion, else the same may be waived. The test is whether he has pursued a hearing on his motion. The court is not required to wait upon the dallying of the movant. We hold the "jurisdiction" of the court over the subject matter and parties is not in issue pending ruling on the venue motion, or in the absence of a ruling, *when no active effort has been made to obtain a ruling.* We find the trial court in this case was *not* without jurisdiction to render summary judgment, *even though it had not ruled* on the venue motion, as Grozier by his inaction impliedly waived his motion to change venue. We hold the trial court had the *authority* to proceed to judgment. Point of error number one is overruled.

▮ In his point of error number two, appellant complains that a genuine fact issue remains unresolved concerning the question of the proper venue of the trial. He argues that, as his motion for change of venue was never answered, nor any controverting affidavits raised to his motion, *venue was conclusively decided in his behalf* and against the authority of the Tarrant County trial court to conclude the matter by judgment. What is implied in his argument is that the court, in granting summary judgment, implicitly found a venue fact contrary to that which was established as uncontroverted. He has cited a number of cases supporting his argument, but we conclude that none of his authority is valid under new rule 87, and our finding thereunder that he waived his motion to change venue in this case.

The venue issue is no longer solely about what facts are established by a movant's motion or pleadings or disproved by a controverting affidavit, but, whether or not the venue question is pursued to a hearing or waived by the movant in the trial court. We note rule 87 has many time constraints in it, which would have to be followed if the movant really intends to have the motion heard. The *burden* of transferring venue to a county other than that where the case is filed, *is the movant's.* TEX.R.CIV.P. 87(2)(a). We have found Grozier waived a ruling by the court on his motion to change venue; therefore the matter does not remain an issue in this case. We find the question of proper trial venue in Hood County was not established to the contrary of that implicitly found by the trial court in its judgment. Grozier's point of error number two is overruled.

The judgment is affirmed.