**Larry GENTRY, Appellant,**

v.

**Gordon G. TUCKER, Fred E. Tucker, Jr., AMHGS, Inc., and Huel H. Weaver, Jr., Appellees.**

No. 06–94–00036–CV.

Court of Appeals of Texas, Texarkana.

Submitted Dec. 7, 1994.

Decided Jan. 9, 1995.

David Hardaway, Fort Worth, TX, for appellant.

Cecilia Ackels Martin, Dan S. Boyd, Baker & McKenzie, Dallas, TX, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

GRANT, Justice.

Larry Gentry appeals the granting of injunctive relief and a declaratory judgment against him. Gentry contends: (1) that the trial court erred in ruling that Gentry waived his motion to transfer venue by filing a motion for continuance for a temporary injunction hearing and by proceeding to a trial on the merits; (2) that the trial court erred in refusing to allow Gentry to have forty-five days' notice, as required by TEX.R.CIV.P. 87 for the transfer of venue hearing; and (3) that the trial court erred in setting the trial date three weeks after the answer was due.

Gordon G. Tucker, Fred E. Tucker, Jr., and Huel H. Weaver (the Tuckers) sued Larry Gentry seeking injunctive relief and a declaratory judgment relating to a dispute involving a partnership. A temporary injunction hearing was scheduled for September 17, 1993. On that day, Gentry filed a motion for continuance of that hearing. The hearing was rescheduled for September 24, 1993. On the answer day, September 20, 1993, Gentry filed an answer subject to a motion to transfer venue. On September 24, 1993, the trial court granted the temporary injunction and set the trial date for October 11, 1993, three weeks from Gentry's answer day. At trial, final judgment, including a permanent injunction, was entered in the Tuckers' behalf.

In his first point of error, Gentry contends that the trial court erred in ruling that he waived his motion to transfer venue. On September 17, 1993, a hearing on a temporary injunction was scheduled. Gentry filed a motion for continuance. The trial court then rescheduled the hearing for September 24, 1993. On September 20, 1993, Gentry filed a motion to transfer venue. The trial court determined that the motion for continuance waived Gentry's right to a motion to transfer venue.

An objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading, or motion, except a special appearance motion provided by Rule of Civil Procedure 120a. TEX.R.CIV.P. 86(1). However, Gentry argues that his motion for continuance was a preliminary motion and, therefore, did not waive error. Courts have held that appearing in other matters prior to the main suit will not waive the plea. *See Perkola v. Koelling & Associates, Inc.*, 601 S.W.2d 110, 111–12 (Tex.Civ.App.—Dallas 1980, writ dism'd). In *Calloway v. Calloway*, the court found that venue relates to a trial **upon the merits** and not to temporary and preliminary orders which do not invoke the court's general jurisdiction in the main suit. 442 S.W.2d 926, 928 (Tex.Civ.App.—Eastland 1969, no writ). This exception was applied in *Perkola*, where a party was determined not to have waived his right to a motion to transfer venue by appearing at a temporary injunction hearing, nor did he waive when he filed special exceptions and a brief in support without making them subject to the plea. *Perkola*, 601 S.W.2d 110.

In the case at bar, Gentry filed a motion for continuance on a preliminary matter. This did not invoke the court's general jurisdiction in the main suit, nor was it a motion for continuance of the entire case. Therefore, Gentry's motion for continuance of a hearing on a temporary injunction did not waive his right to transfer venue.

The Tuckers also contend that the right to contest venue was waived by Gentry because he tried the case on the merits. A pending motion to transfer will be waived by actions invoking the judicial power of the court in a manner inconsistent with a continuing intention to insist upon the motion. *Talbert v. Miles*, 477 S.W.2d 710 (Tex.Civ. App.—Waco 1972, no writ). The motion will be waived if the defendant who is filing it, without first insisting upon its disposition, tries the case on the merits. *Frosh v. Holmes*, 8 Tex. 29 (1852); *Hosmer v. New*

York Buyers' Ass'n, *258 S.W. 853 (Tex.Civ. App.—San Antonio 1924, no writ).*

 Gentry did participate in the trial on the merits. Because the statement of facts was not timely filed, it is not before this Court. Therefore, there is no confirmation to Gentry's assertion in his brief that he insisted upon its disposition, nor does the record reflect that he objected to the court's failure to address the motion to transfer venue. Hence, the motion was waived when the case was tried on the merits. The trial court did not abuse its discretion in determining that Gentry waived his right to transfer venue. This point of error is overruled.

 By his second point of error, Gentry contends that the trial court erred in refusing to allow Gentry to have forty-five days' notice as required by TEX.R.CIV.P. 87 for the transfer of venue hearing. Rule 87 indicates that, except on leave of court, each party is entitled to at least forty-five days' notice of a hearing on the motion to transfer. A party, however, must move for continuance to preserve error on Rule 87 grounds that he was not given either sufficient notice of the hearing or reasonable time to prepare for trial after the hearing. *Gonzalez v. Nielson,* 770 S.W.2d 99, 101 (Tex.App.—Corpus Christi 1989, writ denied). Because the movant has an affirmative duty to request a setting on a motion to transfer for lack of venue, he must pursue a hearing thereon in order to later rely upon his motion on appeal. *Grozier v. L–B Sprinkler & Plumbing Repair,* 744 S.W.2d 306 (Tex.App.—Fort Worth 1988, writ denied). It is the plaintiff's responsibility to see that this matter was resolved before a trial on the merits. *Rosenthal v. Short,* 582 S.W.2d 214, 215 (Tex.Civ. App.—Houston [1st Dist.] 1979, writ dism'd).

In the case at bar, there is no showing that Gentry did anything beyond requesting a hearing on the motion to transfer venue. Without a record of an objection or motion for continuance of the trial setting, Gentry has not shown that he directed the trial court's attention to this matter. Therefore, no error is preserved.

 Lastly, Gentry contends that the trial court erred in setting the trial date three weeks after his answer was due. However, in order to preserve a complaint for appellate review, a party must have present-ed to the trial court a timely request, objection, or motion stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. TEX.R.APP.P. 52(a). In the case at bar, there is no record of an objection being made to the trial court at the time the case was set for trial. (This was not mentioned until the filing of a motion for new trial, which did not constitute a timely motion). Therefore, no error was preserved. This point of error is overruled.

The judgment of the trial court is affirmed.