**CLIFF JONES, INC., Appellant**

v.

**Raymond LEDBETTER, D/B/A Northwest Auto Paint and Supply, Inc., Appellee.**

**No. 01–94–00451–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 6, 1995.

**418**

L. David Sosebee, Houston, for appellant.

Jerald David Mize and Helen B. Wils, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and ANDELL and HEDGES, JJ.

## OPINION

ANDELL, Justice.

This appeal arises out of a suit on a sworn account. After a trial to the court, the trial court rendered a judgment in favor of appellee, Raymond Ledbetter, d/b/a Northwest Auto Paint and Supply, Inc. (Ledbetter) awarding him $3,510.18, plus interest and attorney's fees. In a sole point of error, appellant, Cliff Jones, Inc. (Jones), contends that the trial court erred in overruling its motion to transfer venue. We affirm the judgment of the trial court.

Ledbetter filed suit in Harris County, Texas against Jones based on a sworn account. Jones filed a motion to transfer venue to Austin County, Texas. Although several hearings were apparently conducted on the motion, no statement of facts from those hearings is contained in the record on appeal, nor is there any signed order indicating that the trial judge took any action on the motion. The case proceeded to trial, and the trial court rendered a judgment in favor of Ledbetter.

After the trial court rendered judgment, Jones obtained a hearing at which it sought to correct the record to reflect that the trial court had denied the motion to transfer venue. At that hearing, Cliff Jones testified that the trial court had orally denied the motion to transfer during a telephone conference, and counsel for Ledbetter testified that the trial court never ruled on the motion. The trial judge noted that there was no docket entry or written order indicating that he had ruled on the motion, and he had no recollection of doing so. Ledbetter contends that Jones waived the right to appeal the venue issue by not obtaining a ruling on the motion before trial.

■ It is the movant's burden to set a hearing and obtain a ruling on a motion to transfer venue. Tex.R.Civ.P. 87(1); *Grozier v. L–B Sprinkler & Plumbing Repair,* 744 S.W.2d 306, 312 (Tex.App.—Fort Worth 1988, writ denied). In *Grozier,* the defendant filed a motion to transfer venue and requested a hearing. The plaintiff did not file a response to the motion. On the day of the hearing, instead of requesting a ruling, the defendant's counsel withdrew. No attempt was made to have the matter heard again, and there was no ruling on the motion. On appeal, the defendant maintained that the trial court was required to grant the motion to transfer because the motion was not controverted by the plaintiff. The court of appeals held that the defendant waived the venue issue by failing to reset the hearing and obtain a ruling.

In this case, Jones did not pursue the matter to a clear ruling prior to trial. Although it did attempt to have the matter heard, no active effort was made to obtain a ruling until seven months after the trial was completed. As stated above, the record contains neither an order denying the motion to transfer venue nor the statement of facts from the venue hearings held before the trial. The record does not reflect that the trial court ever made an adverse ruling on the motion. Therefore, we hold that the venue issue has been waived. Tex.R.App.P. 52(a); *State Farm Lloyds, Inc. v. Polasek,* 847 S.W.2d 279, 288 (Tex.App.—San Antonio 1992, writ denied); *Grozier,* 744 S.W.2d at 312.

We overrule appellant's sole point of error.

In a cross-point of error, Ledbetter requests this Court to sanction Jones pursuant to Tex.R.App.P. 84. An appellate court may assess such sanctions if it finds that an appeal was taken for delay and without sufficient cause. *Mallia v. Bousquet,* 813 S.W.2d 628, 631 (Tex.App.—Houston [1st Dist.] 1991, no writ). In making these findings, this Court must determine that the record clearly shows that Jones had no reasonable grounds to believe the case would be reversed and has not pursued the appeal in good faith. *Finch v. Finch,* 825 S.W.2d 218, 226 (Tex. App.—Houston [1st Dist.] 1992, no writ). We cannot say from the record in this case that appellant clearly brought this appeal for purposes of delay and with insufficient cause, or that the appeal was brought in bad faith. Therefore, we decline to impose sanctions.

We overrule appellee's sole cross-point.

We affirm the judgment of the trial court.