Affirmed and Opinion filed March 30, 2004









Affirmed and Opinion filed March 30, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00792-CV

____________

 

DAVID C.
CARLILE, Appellant

 

V.

 

RLS LEGAL
SOLUTIONS, INC., Appellee

 



 

On Appeal from the County Civil Court at Law No. 3

Harris County, Texas

Trial Court Cause No. 743,576

 



 

O P I N I O N

David C. Carlile appeals a
judgment rendered in favor of RLS Legal Solutions, Inc. (ARLS@), on
three grounds: (1) the trial court erred in denying his motion to transfer
venue; (2) there was legally and factually insufficient evidence to support the
jury=s award
of attorney=s fees; and (3) the trial court
erred in excluding evidence.  We
affirm.  

I.  Facts and Procedural History

Carlile is an attorney practicing
law in Harrison County, Texas.  The
subject of this appeal stems from a toxic tort case styled Frazier v.
Ashland (AFrazier
litigation@), filed by Carlile in Harrison
County on behalf of approximately 600 plaintiffs and involving over 170
defendants.  In connection with that
case, Carlile requested copies of various discovery documents from defense
counsel Baker Botts pursuant to Texas Rule of Civil Procedure 203.3.[1]  Baker Botts, in turn, referred Carlile to RLS
to obtain the copies because the Frazier defendants had contracted with
RLS to act as a repository and document retrieval system on their
behalf.   

RLS furnished the requested
copies to Carlile; however, a dispute arose over the charges billed.  Consequently, RLS filed suit against Carlile
in a Harris County court on a sworn account and asserting breach of contract
and quantum meruit claims.  Both Carlile
and RLS filed a number of pretrial motions, including a motion to transfer
venue filed by Carlile in January 2001. 
The trial court heard Carlile=s venue
motion on March 18, 2002.  The following
day, March 19, the case proceeded to trial. 
The jury rendered a verdict in favor of RLS awarding the amount due on
the account, attorney=s fees,
and interest.  On March 20,  the court signed an order denying Carlile=s venue
motion and entered judgment in accordance with the jury=s
verdict.  This appeal ensued.

II.  Venue

In his first issue, Carlile
argues the trial court erred in denying his motion to transfer venue because
RLS failed to properly plead and prove venue. 
According to Carlile, because RLS=s
original petition alleged venue was proper in Dallas County pursuant to section
15.011 of the Texas Civil Practice and Remedies Code,[2]
RLS failed to establish that venue was proper in Harris County.  RLS contends Carlile waived his venue
objections. 

The trial court=s order
denying Carlile=s venue
motion does not indicate whether it was denied because the court deemed the
venue objection waived or concluded venue was proper in Harris County.[3]  Thus, we address the waiver issue first.  Gen. Motors Corp. v. Castaneda, 980 S.W.2d 777, 785 (Tex. App.CSan Antonio 1998, pet. denied)
(Butts, J., dissenting) (addressing waiver issue first when trial court=s order did not state reason for
denying venue motion).  The standard of
review regarding a trial court=s determination of waiver under these circumstances is abuse
of discretion.  See id. at 787
(op. on reh=g).[4]   

It is well recognized that, by filing a lawsuit, the
plaintiff is given the first choice regarding venue.  See In re Masonite Corp., 997 S.W.2d
194, 197 (Tex. 1999); Wilson v. Tex. Parks & Wildlife Dep=t, 886 S.W.2d 259, 260 (Tex. 1994).  If the plaintiff=s choice is not properly challenged
through a motion to transfer venue, venue is fixed in the county in which the
plaintiff filed suit.  Wilson, 886
S.W.2d at 260.  If a movant objecting to
improper venue does not file a written motion to transfer prior to or
concurrently with any other plea, pleading or motion, the objection is waived.  Tex.
R. Civ. P. 86(1). 








A party may also expressly waive venue rights by clear, overt
acts evidencing an intent to waive, or impliedly, by taking some action
inconsistent with an intent to pursue the venue motion.  Grozier v. L-B Sprinkler & Plumbing
Repair, 744 S.W.2d 306, 309B10 (Tex. App.CFort Worth 1988, writ denied); see also Castaneda, 980
S.W.2d at 785.  Generally, these actions
invoke the judicial power of the courts. 
Gentry v. Tucker, 891 S.W.2d 766, 768 (Tex. App.CTexarkana 1995, no writ); Grozier,
744 S.W.2d at 310.  A movant may urge a
preliminary motion without waiving venue objections, provided the motion does
not involve a hearing on the merits.  See
Gentry, 744 S.W.2d at 768; Calloway v. Calloway, 442 S.W.2d 926, 928
(Tex. Civ. App.CEastland 1969, no writ).

In this case, RLS filed its original petition against Carlile
in November 2000.  Both RLS and Carlile
assert Carlile originally filed his motion to transfer venue in January 2001;
however that document is not contained in the record.  Instead, the next document in the record
relative to the venue issue is a motion for summary judgment filed by RLS on May 25,
2001.  The trial court granted the
summary judgment on June 26, 2001, and awarded RLS damages, attorney=s fees, and judgment interest.  Notice of the judgment was mailed
on that same day.  On July 25, 2001,
Carlile filed a motion for new trial.  

In the initial paragraph of his
motion for new trial, Carlile noted that he had attempted to file a response,
entitled ADefendant=s Motion
for Continuance, Motion to Set a Hearing to Transfer Venue, Special Exceptions
and Objections to the Plaintiff=s Offer
of Proof as to Plaintiff=s Motion
for Summary Judgment, and Response to Motion for Summary Judgment@ (AResponse@), to RLS=s summary
judgment motion.  However, Carlile stated
the county clerk mistakenly refused to file his Response and instead, returned
it.  Following this paragraph, Carlile=s motion
requested the court vacate the order granting summary judgment, stating:

The Court committed error
in the application of the law and abused its discretion by granting [RLS=s] motion without
considering Defendant=s response. Defendant
would show that the Harris County Clerk exceeded her authority by refusing to
file Defendant=s response to [RLS=s] motion for summary
judgment. . . . Thus, the Court should have considered Defendant=s response to [RLS=s] motion for summary
judgment.








The Defendant filed his
summary judgment response on June 14, 2001 which is more than seven (7) days
before the submission date of June 22, 2001. . . . Thus, Defendant=s summary judgment
response is timely filed because it was mailed at least seven (7) days before
the hearing date for the motion for summary judgment. . . . 

 

In the motion, Carlile argued further that
his Response raised a fact issue on the existence of a contract, its terms, and
attorney=s fees;
Carlile also challenged RLS=s summary
judgment evidence.  Importantly, however,
Carlile did not assert any arguments regarding venue.  He did not reassert his venue objections or
make the motion for new trial subject to his venue motion.  Moreover, Carlile could have relied on his
venue motion and appealed the summary judgment, but he did not.  Other than attaching a copy of the Response,
Carlile=s motion
for new trial argued only the merits of the summary judgment.[5]  

At least one Texas appellate
court has concluded that filing a motion for new trial can be an action
inconsistent with an intent to continue to assert an objection to improper
venue, thus waiving the venue motion.  See,
e.g., Grozier, 744 S.W.2d at 311. 
In Grozier, the court found that despite the defendant=s request
for a hearing on his venue motion, he was not entitled to a ruling on it prior
to the court=s consideration of the plaintiff=s motion
for summary judgment because on the date of the hearing the defendant=s
attorney did not insist that the court rule on the motion.  Id. 
Instead, at the hearing, defendant=s counsel
requested permission to withdraw from the case; the defendant did not appear at
the hearing or re-request a ruling on his venue motion.  Id.








As described by the Grozier
court, by filing a motion for new trial when the venue motion was pending, the
defendant engaged in  Aan act
seeking to invoke the authority of the court whose authority@ he
challenged.  Id.  In reaching this conclusion, the Grozier
court relied on Liberty Enterprises, Inc. v. Moore Transportation Company,
a Texas Supreme Court case involving a special appearance.  690 S.W.2d 570 (Tex. 1985).  In that case, Liberty stated in its motion
for new trial that it was ready to try the case whenever it was properly set,
and agreed with the trial court=s order
reinstating the case.  Id. at
571.  The Texas Supreme Court concluded
that in doing so, Liberty submitted to the jurisdiction of the trial court and
its Aaffirmative
actions@
constituted a general appearance.  Id.
at 571B72. 

A venue motion is an appearance
on the venue issue and, like a special appearance, must be filed prior to or
concurrently with any other plea, pleading, or motion.  See Tex.
R. Civ. P. 86.  Arguably then,
because Carlile=s motion
for new trial was a pleading which addressed the merits of the summary judgment
before Carlile pursued a ruling on his venue motion, the motion for new trial
could be construed as an Aaffirmative
action@ by which
he submitted to the jurisdiction of the trial court.  By invoking the judicial power of the trial
court in this manner, Carlile acted inconsistently with his objections to venue
in Harris County.  See Grozier, 744
S.W.2d at 311 (finding that a motion for new trial was a pleading invoking the
jurisdiction of the court, waiving venue rights); see also Gentry, 891
S.W.2d at 768.  However, we need not look
solely to Carlile=s motion
for new trial as an implied waiver of his venue motion.  The record reflects additional actions which,
when examined in conjunction with the motion for new trial, constitute waiver
of the venue motion.








A party filing a venue motion has the burden to diligently
request a setting on the motion and obtain a ruling prior to a trial on the
merits.  See Tex. R. Civ. P. 87(1); Cliff Jones,
Inc. v. Ledbetter, 896 S.W.2d 417, 418 (Tex. App.CHouston [1st Dist.] 1995, no writ); Whitworth
v. Kuhn, 734 S.W.2d 108, 111 (Tex. App.CAustin 1987, no writ).  A delay in obtaining a hearing provides a
basis for the trial court to deny a venue motion.  Bristol v. Placid Oil Co., 74 S.W.3d
156, 160 (Tex. App.CAmarillo 2002, no pet.). 
Here, the record reflects the venue motion was not heard until March 18,
2002 and was not ruled upon  until one
day after trial.[6]  Assuming Carlile filed his original venue
motion in January 2001, approximately fourteen months elapsed before Carlile
obtained a hearing on the motion, indicating a lack of diligence in securing
the hearing.[7]  See, e.g., Ledbetter, 896
S.W.2d at 419 (finding waiver because appellant failed to pursue venue matter
to a Aclear ruling@ prior to trial); Whitworth,
734 S.W.2d at 111 (finding a lack of diligence where movant waited over one
year to request hearing on his venue motion).

Carlile asserts however that the record is Areplete@ with his attempts to challenge
venue.  First, Carlile points to his
Response dated June 14, 2001, returned to him by the county clerk.  As we noted, Carlile did present a request to
the trial court for a hearing on his venue motion in those documents.  When the clerk returned the documents to
Carlile, in June 2001, the clerk also provided Carlile with forms reflecting
submission docket procedures.  However,
the record indicates that Carlile=s next attempt to obtain a hearing
was on November 26, when he filed a AMotion for Continuance, Motion to Set
a Hearing to Transfer of Venue, and Response to Motion for Summary Judgment,@ in response to another summary
judgment motion filed by RLS on November 1. 
There is a docket sheet notation indicating that a notice of hearing on
Carlile=s venue motion was filed on November
9, 2001, however there is nothing in the record subsequent to this notation
indicating the hearing was held or reset.[8]  Thus, although the record reflects Carlile
requested a hearing, it does not reflect that he pursued the matter to
conclusion, indicating he was perhaps less than diligentC particularly because Carlile was
advised of the trial court=s docketing procedures in June 2001, and already had suffered
an adverse judgment in the case.








Regardless, in February 2002, RLS filed a no-evidence summary
judgment motion. Carlile responded by filing a AMotion to Compel, Motion for
Continuance, and Response to No Evidence Motion for Summary Judgment.@ 
In his motion, Carlile requested the court (1) compel RLS to respond to
discovery, and (2) reset the hearing on RLS=s summary judgment motion because RLS
had not produced requested discovery.  See
Tex. R. Civ. P. 166a(g)
(allowing a continuance for discovery to be had).  Carlile=s motion also addressed the merits of
RLS=s request for summary judgment.  However, again, Carlile did not assert
any arguments regarding venue, make the motion subject to his venue motion, nor
request a continuance so the venue motion could be heard.  By filing a motion for continuance, not
conditioned upon his venue motion, Carlile invoked the jurisdiction of the
trial court and acted inconsistently with an intent to insist upon his venue
motion.  See, e.g., Hambleton
v. Dignowity, 196 S.W. 864, 865 (Tex. Civ. App.CSan
Antonio 1917, writ ref=d)
(finding that plea of privilege was waived, in part, by appellant=s filing
an unconditional motion for continuance). 


In sum, even assuming that none
of Carlile=s actions or lack of diligence
alone sufficed to waive his venue motion, collectively these actions establish
a waiver of the motion.  See, e.g.,
Gentry, 891 S.W.2d at 768; Grozier, 744 S.W.2d at 311; see
also Cope Constr. Co. v. Power, 590 S.W.2d 721, 722 (Tex. Civ. App.CHouston
[14th Dist.] 1979, no writ) (finding request to deny a motion to consolidate
and motion to reconsider after consolidation of the cases, constituted actions
waiving appellant=s plea of
privilege); Nacol v. Williams, 554 S.W.2d 286, 287B88 (Tex.
Civ. App.CEastland 1977, writ dism=d)
(finding a motion to rule for costs unconditioned on appellant=s plea in
privilege, waived the plea); Olympic Trampolines, Inc. v. Bashaw, 462
S.W.2d 345, 346B47 (Tex.
Civ. App.CHouston [14th Dist.] 1970, no
writ) (finding motion to strike waived plea of privilege).








In response to Carlile=s argument that we must reverse the trial
court=s judgment because RLS failed to
establish venue was proper in Harris County, we note that because Carlile
waived his venue motion, RLS was not required to produce proof of venue.  See Tex.
R. Civ. P. 87(1), (3); Grozier, 744 S.W.2d at 312 (noting venue
is not solely about facts established by a movant=s motion or disproved by a
controverting affidavit, but is also about whether the issue is pursued to a
hearing or waived); see also Masonite, 997 S.W.2d at 197 (noting that
burden shifts to plaintiff to prove venue as alleged if defendant
properly challenges plaintiff=s choice of venue).  We find Carlile waived his venue objections.  Thus, the trial court did not abuse its
discretion in denying his motion to transfer venue.  Accordingly, we overrule Carlile=s first issue.

III.  Attorney=s Fees

In his second issue, Carlile
argues the evidence is legally and factually insufficient to support the jury=s answer
on attorney=s fees. 

The standard of review of an
award of attorney=s fees is
sufficiency of the evidence.  See
Aquila Southwest Pipeline, Inc. v. Harmony Exploration, Inc., 48 S.W.3d
225, 240 (Tex. App.CSan
Antonio 2001, pet. denied).  When a party
attacks the legal sufficiency of an adverse finding on an issue it did not have
the burden to prove at trial, it must demonstrate that there is no evidence to
support the adverse finding.  Id.
at 236.  In reviewing a no‑evidence
issue, we consider all of the record evidence in a light most favorable to the
verdict and indulge every reasonable inference from that evidence in support of
the verdict.  Id.  We must determine whether the proffered
evidence as a whole rises to a level that would Aenable
reasonable and fair‑minded people to differ in their conclusions.@  Transp. Ins. Co. v. Moriel, 879 S.W.2d
10, 25 (Tex. 1994); Aquila, 48 S.W.3d at 236.  

A challenge to the legal
sufficiency of the evidence must be sustained when the record discloses one of
the following: (1) a complete absence of evidence of a vital fact; (2) the
court is barred by rules of law or evidence from giving weight to the only
evidence offered to prove a vital fact; (3) the evidence offered to prove a
vital fact is no more than a mere scintilla; or (4) the evidence conclusively
establishes the opposite of a vital fact. 
Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711
(Tex. 1997).  AWhen the
evidence offered to prove a vital fact is so weak as to do no more than create
a mere surmise or suspicion of its existence, the evidence is no more than a
scintilla and, in legal effect, is no evidence.@  Kindred v. Con/Chem, Inc., 650 S.W.2d
61, 63 (Tex. 1983).  








When reviewing a challenge to the
factual sufficiency of the evidence, we must consider all of the evidence in
the record.  See Plas‑Tex, Inc.
v. U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989).  If a party is attacking the factual
sufficiency of an adverse finding when the other party has the burden of proof,
that party must demonstrate that there is insufficient evidence to support the
adverse finding.  Aquila, 48 S.W.3d
at 236.  In reviewing a factual
insufficiency challenge, we weigh and examine all of the evidence which
supports the verdict and that which is contrary to it.  Id. 
We set aside the verdict only if the evidence is so weak the verdict is
clearly wrong and manifestly unjust.  See
Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).  

When reviewing the reasonableness
of an award of attorney=s fees,
we should consider: (1) the time and labor required, the novelty and difficulty
of the questions involved, and the skill required to perform the legal service
properly; (2) the likelihood that the acceptance of the particular employment
will preclude other employment by the lawyer; (3) the fee customarily charged
in the locality for similar legal services; (4) the amount involved and the
results obtained; (5) the time limitations imposed by the client or by the
circumstances; (6) the nature and length of the professional relationship with
the client; (7) the experience, reputation, and ability of the lawyer or
lawyers performing the services; and (8) whether the fee is fixed or contingent
on results obtained or uncertainty of collection before the legal services have
been rendered.  Arthur Andersen &
Co. v. Perry Equip. Corp., 945 S.W.2d 812, 818 (Tex. 1997).  Fees determined to be reasonable and
necessary for the prosecution of the suit may be awarded.  Aquila, 48 S.W.3d at 241.  








In this case, Brian Womac, RLS=s
attorney, testified that he entered into a contingent fee agreement with
RLS.  Under that agreement, Womac
received a flat fee of $1,500 and was to receive 35% of any recovery through
trial and 40% through appeal.  He also
testified he had been practicing for seventeen years, concentrating on similar
cases, and was familiar with fees customarily charged, and with costs
associated with appeals of these cases. 
Further, he testified he began working on the case in September 2000, by
preparing and sending RLS=s initial
demand letter to Carlile.  He stated that
after suit was filed, motions were prepared and argued, and Aa great
deal of discovery@ was
conducted, including depositions.  He
also stated the case required extensive research and, because there were two
trial settings, he had prepared for trial on two separate occasions.  Womac also testified that a jury trial, such
as the one at hand, required additional time and expense.  He testified he had worked approximately 100
hours on the case and his rate was $175 an hour; thus, reasonable attorney=s fees
for the case through trial totaled $17,500. 
Further, he testified RLS would incur an additional $15,000 in the event
of appeal to the court of appeals and $5,000 for an appeal to the Texas Supreme
Court.  The jury awarded $17,500 in
attorney=s fees
through trial, $7,500 for an appeal to the court of appeals, and $5,000 for an
appeal to the Texas Supreme Court.  

Carlile does not cite to any
evidence contradicting Womac=s
testimony.  Indeed, Carlile merely argues
that the amounts awarded are not proportional to Womac=s
contingent fee agreement.  However, he
does not refer us to any authority which supports his argument that the award
must be proportional to the fee agreement. 
After examining the evidence and those factors set forth above, we find there
is sufficient evidence to support the jury=s award
of attorney=s fees.  Accordingly, we overrule Carlile=s second
issue.

IV.  Exclusion
of Evidence

In his final issue, Carlile
argues the trial court erred in excluding two exhibits: (1) his letter to
defendant=s counsel in the Frazier litigation
requesting copies under Rule of Civil Procedure 203.3, and (2) a copy of Rule
203.3.  However, the issue of whether the
trial court correctly ruled on the admissibility of this evidence is not
properly before us because Carlile failed to preserve the issue for our
review.  See Tex. R. App. P. 33.1(a).








To preserve error in the
exclusion of evidence, a party must:

(1) attempt during the
evidentiary portion of the trial to introduce the evidence; (2) if an objection
is lodged, specify the purpose for which [the evidence] is offered and give the
trial judge reasons why the evidence is admissible; (3) obtain a ruling from
the court; and (4) if the judge rules the evidence inadmissible, make a record,
through a bill of exceptions, of the precise evidence the party desires
admitted.

 

Estate of Veale v. Teledyne Indus., Inc., 899
S.W.2d 239, 242 (Tex. App.CHouston
[14th Dist.] 1995, writ denied) (citations omitted); see also Tex. R. App. P. 33.1(a).  Here, Carlile=s trial
counsel offered the two exhibits just prior to trial.  After some discussion, the trial court
deferred ruling on the admissibility of the exhibits.  Carlile=s counsel
did not attempt to introduce the evidence again until after he had rested and
presented his bill of exceptions to the court. 
Thus, because Carlile did not get a ruling from the trial court on the
admissibility of the exhibits when he first attempted to offer them and then
failed to offer the exhibits again during the evidentiary portion of the trial,
he failed to properly preserve this issue for our review.  See Tex.
R. App. P. 33.1(a).  Accordingly,
we overrule Carlile=s third
issue.

V.  Conclusion 

In conclusion, we find that
Carlile waived his objections to venue, the evidence was legally and factually
sufficient to support the award of attorney=s fees,
and Carlile failed to preserve any error regarding the exclusion of
evidence.  Accordingly, we affirm the
judgment of the trial court.   

 

/s/        Eva M. Guzman

Justice

 

 

Judgment rendered and Opinion filed March 30, 2004.

Panel consists of Justices
Edelman, Frost, and Guzman.

 

 











[1]  Pertinent to
this appeal, Rule 203.3 provides, A[t]he
party receiving the original deposition transcript . . . must make it available
upon reasonable request for inspection and copying by any other party.  Any party or the witness is entitled to
obtain a copy of the deposition transcript . . . from the deposition officer
upon payment of a reasonable fee.@  Tex.
R. Civ. P. 203.3(c).  





[2]  Section 15.011
provides that actions regarding interests in real property must be brought in
the county in which the real property is located.  Tex.
Civ. Prac. & Rem. Code Ann. ' 15.011
(Vernon 2002).





[3]  The court=s order stated it “considered” Carlile=s motion to transfer venue, but did not indicate the
basis of its ruling.   





[4]  Compare
Ruiz v. Conoco, Inc., 868 S.W.2d 752, 758 (Tex. 1993) (reviewing entire
record to determine whether there was any probative evidence to support trial
court=s determination of venue), with Castaneda, 980
S.W.2d at 787 (noting that correct standard of review of a trial court=s determination of waiver of motion to transfer venue
is abuse of discretion).  





[5]  The court
granted Carlile=s motion for new trial on October 4, 2001.  





[6]  Carlile
asserts that the court orally ruled on his motion on March 18, but there is no
evidence of that in the record.  





[7]  We were not
furnished with a record of the venue hearing. 






[8]  Carlile
asserts in his brief that he set the hearing on his motion for December 20, but
was told he would have to reset it because no hearings were being held that
week.