**Affirm and Opinion Filed August 2, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-21-00327-CV

**ERIKA JACOBS, Appellant**
**V.**
**GREYHOUND BUS LINES CORPORATE OFFICE, Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-03277**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Garcia
Opinion by Justice Molberg

Appellant Erika Jacobs, appearing pro se, appeals the trial court's order dismissing her suit against Greyhound Lines, Inc.[1] In twelve issues, appellant questions appellees' filing of a motion for summary judgment; argues the trial court violated her right to a fair trial, violated judicial ethics, showed favoritism to appellee, ignored appellant's motions, incorrectly required a hearing on appellant's motion, and unlawfully "grant[ed] an order to tax" her for appellee's wrongs; argues counsel for appellee violated "proper attorney ethics by continually submitting

---

[1] Though appellant filed suit against "Greyhound Bus Lines Corporate Office," appellee in its brief identifies its correct name as Greyhound Lines, Inc.

untruthful information to the court"; and argues the case "should be transferred to the federal court" and that a "de novo trial in another court" is required. We affirm in this memorandum opinion. *See* Tex. R. App. P. 47.4.

## Background

Appellant filed a petition on February 28, 2020, alleging appellee violated her rights under Title II of the Civil Rights Act of 1964 and committed defamation or libel. Appellant alleged she purchased a bus ticket to travel from Oklahoma to Massachusetts, but failed to make it to her destination on time due to the conduct of appellee's employees. Appellant alleged she was "thrown off buses" and stranded in Baltimore and New York City, her luggage was "[torn] up" and thrown off the bus, and she arrived a day late, missing her first day of work. Appellant requested a refund of her ticket, and compensation for her hotel stay, damaged luggage, and pay for missed work.

Appellee filed a general denial and, later, a motion to deem appellant a vexatious litigant, noting that appellant had filed numerous pro se lawsuits in various jurisdictions and had been deemed vexatious at least eight times. Appellant filed a motion to transfer venue on August 28, 2020, arguing that venue was not proper in Dallas County and that the case should be transferred to federal court. Appellant filed a second motion to transfer her case to federal court on December 29, 2020; she noted she was "not requesting a hearing on the matter." On February 26, 2021, appellant filed a third motion to transfer her case to federal court, and she again did

not request a hearing. Appellant filed a "motion for a new judge" on October 6, 2020, and it was referred to the Presiding Judge of the First Administrative Judicial Region. On October 7, 2020, the case was transferred from the 298th District Court to the 14th District Court. On March 1, 2021, appellant filed a motion to recuse Judge Eric Moyé; it was referred to the regional presiding judge, who denied the motion.

On March 5, 2021, the trial court granted appellee's motion pursuant to rule of civil procedure 215.2, finding that appellant had failed to comply with the trial court's discovery orders and deadlines and ordering that appellant was "precluded from introducing into evidence, or otherwise utilizing, any information or documents which she should have provided pursuant to the Court's order dated December 7, 2020." Appellee filed a no-evidence motion for summary judgment on March 10, 2021.

The case was called for trial on April 6, 2021. Appellant did not appear. Consequently, the trial court dismissed the case for want of prosecution. This appeal followed.

**Discussion**

Appellant contends throughout her brief that the trial court failed to "address [her] motion to transfer and notice of removal of the case to federal court." We conclude that, to the extent that appellant's motions were motions to transfer venue, the trial court did not err by neglecting to rule on the motions because appellant

–3–

failed to set the motions for hearing. Under civil procedure rule 87, "The movant has the duty to request a setting on the motion to transfer." TEX. R. CIV. P. 87; *Cliff Jones, Inc. v. Ledbetter*, 896 S.W.2d 417, 418 (Tex. App.—Houston [1st Dist.] 1995, no writ). Appellant not only failed to request settings for her motions to transfer, she explicitly stated she was not requesting hearings.

To the extent appellant argues the trial court had some responsibility to remove her suit to federal court, appellant's argument is without merit. First, appellant was the plaintiff below; "under ordinary circumstances, only the defendant(s) may remove" a case to federal court. *F.D.I.C. v. Loyd*, 955 F.2d 316, 326 n.10 (5th Cir. 1992); *see also* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court . . . ."). Second, on the record before us, it does not appear appellant followed the proper procedures to remove her case. "A defendant can remove a case from a state court to federal district court by filing a notice of removal 'in the district court of the United States for the district and division within which such action is pending.'" *Hollis v. MHMR of Tarrant Cnty.*, No. 02-19-00150-CV, 2019 WL 4124383, at *3 (Tex. App.—Fort Worth Aug. 29, 2019, no pet.) (mem. op.) (quoting *Spencer v. Dallas Cent. Appraisal Dist.*, No. 05-15-01526-CV, 2016 WL 1298582, at *1 (Tex. App.—Dallas Apr. 4, 2016, no pet.) (mem. op.)). The party then must file a copy of the notice with the state court clerk, which effects the removal. *Id*. The motions filed by appellant here were not copies of notices filed in federal district court; they were motions filed in the trial

–4–

court. Appellant points to no authority requiring or permitting the trial court to remove a case to federal court on a party's motion in the trial court. Accordingly, we conclude the trial court did not err by failing to rule on or address appellant's motions, and we overrule issues eight and eleven.

More generally, appellant complains the trial court "mishandled" her case. Without citations to the record or pertinent authorities, however, we are unable to address appellant's claims. While we liberally construe pro se pleadings and briefs, we nevertheless hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Washington v. Bank of New York*, 362 S.W.3d 853, 854 (Tex. App.—Dallas 2012, no pet.). To present an issue to this Court, a party's brief must contain, among other things, "a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contention made with appropriate citations to authorities and the record." *Id.* Though "we do not require rigid adherence regarding the form of a brief, we examine briefs closely for compliance with rules that govern the content of appellate briefs." *Hammonds v. Dallas Cty.*, No. 05-18-01433-CV, 2020 WL 948383, at *2 (Tex. App.—Dallas Feb. 27, 2020, no pet.) (mem. op.). When a party fails to adequately brief a complaint, it waives the issue on appeal. *Devine v. Dallas Cty.*, 130 S.W.3d 512, 514 (Tex. App.—Dallas 2004, no pet.).

Here, appellant's brief does not contain a clear argument for her contentions made with appropriate citations to authorities and the record. *See* TEX. R. APP. P. 38.1. The Clerk of this Court notified appellant her brief was noncompliant with rule 38.1 and gave her an opportunity to file an amended brief, but appellant declined to do so. Though appellant purports to identify twelve issues in her brief, in the argument section of her brief she makes only passing reference to these issues and does so without citations to the record or pertinent authorities. Because we are not permitted to "speculate as to the substance of the specific issues appellant claims we must address[,]" *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied), we conclude appellant has waived her remaining appellate issues.

## Conclusion

We overrule appellant's issues and affirm the trial court's judgment.

210327f.p05

/Ken Molberg/
KEN MOLBERG
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

ERIKA JACOBS, Appellant

No. 05-21-00327-CV     V.

GREYHOUND BUS LINES
CORPORATE OFFICE, Appellee

On Appeal from the 14th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-03277.
Opinion delivered by Justice
Molberg. Justices Reichek and
Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 2nd day of August, 2022.